José ángel Valdez **GARZA** and Nidia Leal, Appellants,

v.

**VALLEY CREST LANDSCAPE MAINTENANCE, INC.,** Rafael Garcia Moya, Javier González and Brad Mason, Respondents.

No. **ED 88431.**

Missouri Court of Appeals, Eastern District, Division Four.

March 6, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2007.

Application for Transfer Denied June 26, 2007.

Geoffrey S. Meyerkord, Richard B. Hein, St. Louis, MO, for Appellant.

Edward S. Meyer, Robert J. Evola, St. Louis, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

José Ángel Valdez Garza and Nidia Leal (collectively, "Appellants") appeal from the dismissal of their lawsuit for lack of subject matter jurisdiction and the corresponding judgment entered in favor of Valley Crest Landscape Maintenance, Inc., Rafael Garcia Moya, Javier González and Brad Mason (collectively, "Respondents"). We affirm.

## I. BACKGROUND

Appellant José Ángel Valdez Garza ("Garza") was employed by Respondent Valley Crest Landscape Maintenance, Inc. ("Valley Crest") as a landscaper. Appellant Nidia Leal ("Leal") is Garza's wife. On March 15, 2005, Garza was instructed to report to a home to provide landscaping services. Brad Mason ("Mason"), a supervisor, directed which trees were to be trimmed. Garza's crew leader, Respondent Rafael Garcia Moya ("Moya"), instructed Garza to climb a ladder and cut a specified limb. Moya placed the ladder against the tree and held the ladder. Moya also rigged a rope to the limb which was to be cut. Respondent Javier González ("González") held the rope which Moya had rigged while Garza climbed the ladder.

While Garza was on the ladder, the limb knocked him from the ladder. He fell to the ground and suffered a permanent spinal cord injury. Garza filed a worker's compensation claim and has received over $1,000,000.00 on that claim.

Appellants filed a five count petition in the Circuit Court of St. Louis County, against Respondents. Counts I, II, III, and IV were negligence claims and Count V was for Appellant Leal's derivative loss of consortium claim. Respondents filed a Motion to Dismiss Based on Lack of Subject Matter Jurisdiction claiming that worker's compensation was the sole remedy available to Appellants. The trial court entered an Order granting Respondents' Motion as to Appellants' Count I against Respondent Valley Crest for negligence, and denying the remainder as to Appellants' Counts II, III, and IV against the individual Respondents, Mason, Moya and González respectively, for negligence and likewise denying the same as to the loss of consortium claim. Respondents filed a Motion to Reconsider dismissal of Counts II, III, IV, and V. The motion was granted, and the remaining claims were dismissed. This appeal follows.

## II. DISCUSSION

In their first point, Appellants allege error in the dismissal of Counts II, III, and IV in that the petition alleged facts sufficient to show more than mere failure to provide a safe work environment. We disagree.

■■■ Whether subject matter of an action falls within the exclusive jurisdiction of the Labor and Industrial Relations Commission is a question of fact, resolution of which is left to the sound discretion of the trial court. *Burns v. Employer Health Services, Inc.*, 976 S.W.2d 639, 641 (Mo.App. W.D.1998). In reviewing the grant of a motion to dismiss a petition, the facts alleged are construed favorably to the plaintiff, and then it is determined whether the petition invokes principles of substantive law upon which relief can be granted. *Hedglin v. Stahl Specialty Co.*, 903 S.W.2d 922, 926 (Mo.App. W.D.1995). Moreover, an injured employee must charge his fellow worker with "something more" beyond the breach of general supervision and safety. *Workman v. Vader*, 854 S.W.2d 560, 562 (Mo.App. S.D.1993), *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo.App. E.D.1982) (en banc). The default position is that co-employees enjoy the same protection as the employer, absent a showing of "something more." A review of the facts constituting "something more" is determined on a case-by-case basis and includes "any affirmative act, taken while the supervisor is acting outside the scope of the employer's duty to provide a reasonably safe environment, that breaches a personal duty of care the supervisor owes to a fellow employee." *Collier v. Moore*, 21 S.W.3d 858, 861 (Mo.App. E.D. 2000). Several of the cases cited by Appellants—*Craft v. Scaman*, 715 S.W.2d 531 (Mo.App. E.D.1986), *Hedglin v. Stahl Specialty Co.*, 903, S.W.2d 922 (Mo.App.W.D. 1995), *Logsdon v. Killinger*, 69 S.W.3d 529 (Mo.App. S.D.2002), *Pavia v. Childs*, 951 S.W.2d 700 (Mo.App. S.D.1997), *Tauchert v. Boatmen's National Bank of St. Louis*, 849 S.W.2d 573 (Mo. banc 1993)—have been superseded. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620 (Mo. banc 2002), holds that mere allegations of negligence are "not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions." *Id.* at 621–622.

■■■ In this case, Appellants alleged that Moya placed and held the ladder from which Garza fell; that Moya failed to se-

curely hold the ladder; that Moya failed to properly and carefully rig the rope to the branch being cut; that González failed to place the rope over a higher branch than that which Garza was cutting which would have created a support on which González could have held the fallen branch; that González failed to use reasonable care in the holding of the rope which was attached to the branch Garza was cutting; that González failed to properly and carefully rig the rope which was tied to the branch in such a way as to prevent said branch from falling and knocking Garza from the ladder. These allegations may constitute negligence. But, they do not meet the requirement of *Taylor*, of purposeful, affirmatively dangerous conduct. The trial court did not abuse its discretion in dismissing Counts II, III, and IV of the petition. Point denied.

In their second point, Appellants contend Sections 287.110 and 287.120 RSMo. (effective August 28, 2005) do not release Respondent Valley Crest from liability or exclude all other rights and remedies available to Appellants. We disagree.

■ Appellants' second point is one of statutory construction. Statutory construction is a question of law, not judicial discretion. No deference is due to a trial court's judgment where resolution of the controversy is a question of law. *Lincoln Industrial, Inc. v. Director of Revenue*, 51 S.W.3d 462 (Mo. banc 2001); *Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353 (Mo. banc 1995); *Control Technology and Solutions v. Malden R–1 School District*, 181 S.W.3d 80 (Mo.App. E.D.2005). In statutory construction, courts must give effect to the statute as written and cannot add provisions which do not appear either explicitly or by implication. *Pollock v. Wetterau Food Distri-*

*bution Group*, 11 S.W.3d 754 (Mo.App. E.D.1999).

As introduced, SB1 of the 2005 legislative session did not contain any change to Section 287.110. The House Committee Substitute amended Section 287.110, to read:

287.110. 1. This chapter shall apply to all cases within its provisions except those exclusively covered by any federal law *and those addressed in subsection 11 of section 287.120*. (the *italicized* language was added)

Section 287.120 was amended to add a previously non-existent subsection 11, which read:

11. An employee shall forfeit compensation for any injury or occupational disease under the provisions of this chapter, including compensation from the second injury fund created under section 287.220, and this state shall have no jurisdiction over any workers' compensation claim of an employee, when the employee:

(1) Accepts workers' compensation benefits under the laws of another state for the injury or occupational disease;

(2) Files a claim or application for a hearing in another state requesting workers' compensation benefits for the injury or occupational disease; or

(3) Indicates an intent to receive benefits for the injury or occupational disease under another state's workers' compensation law.

The Truly Agreed to and Finally Passed version contained yet another modification to Section 287.110, and read:

287.110.1. This chapter shall apply to all cases within its provisions except those exclusively covered by any federal law and those addressed in section

287.120.[1]

Note that there is no Subsection 11 in the final version. Since Section 287.120 contains the entire worker compensation law, we must determine if the Legislature intended that the 2005 amendment to Section 287.110 should except Section 287.120 from Chapter 287. We find this was not the case.

In a Special Session, the Legislature once again re-visited Section 287.110 and changed the language of 287.110.1. back to the language used in 2004, leaving us with:

287.110.1. This chapter shall apply to all cases within its provisions except those exclusively covered by any federal law.

As such, we deny Appellants' second point.

 In their final point, Appellants claim the trial court plainly erred in granting the Motion to Reconsider and dismissing Appellants petition because (a) the Missouri Rules of Civil Procedure do not contemplate a Motion to Reconsider and (b) there was no rational basis for the court to reverse its original order of March 20, 2006. We disagree.

Appellants' final point alleges the Missouri Supreme Court Rules make no provision for a "Motion to Reconsider." The sole case cited by Appellants is clearly distinguishable, as it pertains to a case where the trial court lost jurisdiction upon entry of a final order. Here, the trial court's actions were interlocutory in nature. Therefore, the trial court still maintained jurisdiction and was free to entertain motions pertaining to the issues before it. Having reviewed this point, we deny it.

1. Section 287.120 encompasses the workers compensation law.

## III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.