Richard MCMAHON, Clifford Hall and Linda Burgess, Derivatively on Behalf of Save–A–Connie, Inc., A Missouri Corp. d/b/a The Airline History Museum, Appellants,

v.

Foe GELDERSMA, Bob Love, Adam Lannon and Marcellus Cole, Respondents.

No. WD 71515.

Missouri Court of Appeals, Western District.

Aug. 24, 2010.

Kenneth E. Barnes, for Appellant.

James D. Boggs, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

VICTOR C. HOWARD, Judge.

Richard McMahon, Clifford Hall, and Linda Burgess (Plaintiffs) appeal the judgment of the trial court dismissing the derivative action filed by them on behalf Save–A–Connie, Inc. d/b/a Airline History Museum (Corporation) against four former officers and board members of the company, Foe Geldersma, Bob Love, Adam Lannon, and Marcellus Cole (Defendants).

They claim that trial court erred in dismissing their action because they had already shown, and the trial court had already ruled, that their petition was brought by the requisite number of derivative members pursuant to section 355.221, RSMo 2000,[1] and a motion to intervene filed by Corporation rendered the motion to dismiss moot. The judgment is affirmed.

## Factual and Procedural Background

Plaintiffs filed this derivative lawsuit under section 355.221 on behalf of Corporation against Defendants for breach of contract, breach of fiduciary duty, conversion, and civil conspiracy in April 2007. Section 355.221.1 provides that a proceeding may be brought in the right of a nonprofit corporation to procure a judgment in its favor "by any member or members having ten percent or more of the voting power or by fifty members, whichever is less, or by any director." In their petition, Plaintiffs named themselves as plaintiffs and further alleged that they were bringing the action on behalf and with consent of the requisite number of members of Corporation (over 50).

Soon thereafter, Defendants filed a motion to dismiss asserting, *inter alia*, that the petition failed to comply with the requirements of section 355.221. After a hearing on the motion, Plaintiffs filed an amended petition. The amended petition also alleged that Plaintiffs were bringing the action on behalf and with consent of the requisite number of members of Corporation (over 50).

In an interrogatory to Plaintiffs, Defendants requested the name and contact information for the fifty requisite members referenced in the petition. Defendants

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

also requested the production of documents regarding the members' intent to file or authorization for the lawsuit. Plaintiffs filed a motion for protective order for the information sought by Defendants claiming that they believed that Defendants' main purpose in obtaining the information was to harass and potentially damage their case against Defendants. Defendants subsequently filed a motion to compel discovery claiming Plaintiffs had refused to provide the requested information and documents regarding the members. After a hearing on the motions, the trial court ordered Plaintiffs to provide Defendants all the requested information within thirty days and Defendants to submit to depositions within fifteen days after receipt of the outstanding discovery. Thereafter, Plaintiffs provided Defendants with a list of the members bringing the lawsuit as well as a list of every member of Corporation. Defendants then filed a motion for sanctions for Plaintiffs' failure to provide discovery. Specifically, Defendants claimed, *inter alia*, that Plaintiffs failed to produce documents regarding members' intent to sue as ordered by the trial court. Plaintiffs also filed a motion for sanctions regarding depositions of Defendants.

In the meantime, Defendants filed a motion for summary judgment asserting that the petition only named three plaintiffs and did not name the requisite number of members as plaintiffs as required by section 355.221.1. Plaintiffs filed suggestions in opposition to the motion arguing that it should be treated as a motion to dismiss and that section 355.221.1 does not require that each plaintiff member be named in the petition. The motion for summary judgment was eventually denied.

The trial court then appointed a special master under Rule 68.01(a) to hear the issues raised in discovery and report his conclusions to the court. Thereafter, Defendants filed a motion to stay depositions alleging that interrogatories should be answered by the members bringing the action before conducting any further discovery. Defendants alleged that the interrogatories were sent because they had been contacted by members who were named as plaintiffs but contended that they were not plaintiffs in the case and never had been. After a hearing on the motion, the special master entered an order and report staying all discovery and ordering that the members must answer interrogatories by April 24, 2009, as to whether they are plaintiffs in the case and whether they intended to be plaintiffs on the date of filing of the petition in April 2007. Plaintiffs opposed the special master's report arguing that the trial court had already found, by denying Defendants' motions to dismiss and for summary judgment, that the derivative action was brought by the required fifty or more members and that Defendants were barred by collateral estoppel from litigating the issue for a third time. On April 24, 2009, after a hearing on Plaintiffs' objections, the trial court confirmed the special master's report.

Defendants then filed a motion to dismiss on May 4, 2009, arguing that Plaintiffs had failed to submit the interrogatory answers from the members as ordered by the special master and confirmed by the trial court and that Plaintiffs had failed to produce any evidence that the members identified by them as plaintiffs in discovery were in fact plaintiffs or intended to be plaintiffs at the time the petition was filed. On June 24, 2009, Corporation filed a motion to intervene in the place of the members arguing that it "now wishes to protect its interests and proceed with this action without burden on its membership." The parties argued their motions to dismiss and intervene at a hearing on July 22,

2009, and the trial court took the matters under advisement. On August 25, 2009, Defendants filed another motion to dismiss arguing that an identical lawsuit was filed by Corporation against Defendants on June 24, 2009. The trial court denied Corporation's motion to intervene and granted Defendant's motion to dismiss on September 2, 2009. This appeal by Plaintiffs followed.

### Grant of Motion to Dismiss

In their first point on appeal, Plaintiffs claim that the trial court erred in dismissing their derivative action filed on behalf of Corporation because they had already shown, and the trial court had already ruled, that their petition was brought by the requisite number of members pursuant to section 355.221.

■ Review of a trial court's grant of a motion to dismiss is *de novo*. *Heidbreder v. Tambke*, 284 S.W.3d 740, 742 (Mo.App. W.D.2009). Where the trial court does not state the grounds for dismissal, the reviewing court presumes that the decision was based on one or more grounds alleged in the motion to dismiss. *Id.* "The dismissal will be affirmed if it was proper as a matter of law based on any ground alleged in the motion to dismiss." *Id.* Here, dismissal was sought based on a lack of requisite members to bring the suit under section 355.221.1 and the pendency of another action between the same parties for the same cause under Rule 55.27.

Section 355.221.1 provides that a proceeding may be brought in the right of a nonprofit corporation to procure a judgment in its favor "by any member or members having ten percent or more of the voting power or by fifty members, whichever is less, or by any director." "[E]ach complainant shall be a member or director at the time of bringing the proceeding." § 355.221.2.

■ Early in the case, Defendants challenged Plaintiffs' compliance with section 355.221.1 in motions to dismiss and for summary judgment. Both were denied. The special master subsequently ordered the members to answer further interrogatories after Defendants alleged they had received new information that certain members weren't plaintiffs in the case and never intended to be. The trial court confirmed the special master's order. When Plaintiffs did not submit the interrogatory answers from the members, Defendants filed another motion to dismiss claiming that Plaintiffs failed to produce any evidence that the members were plaintiffs or intended to be plaintiffs at the time the petition was filed.[2] Plaintiffs contend that under the doctrine of collateral estoppel, Defendants were barred from relitigating for a third time the issue of whether the petition was brought by the requisite number of members because the trial court had previously denied their motions to dismiss and for summary judgment on the same issue.

■ "Collateral estoppel precludes parties from relitigating issues previously adjudicated." *Metal Exch. Corp. v. J.W. Terrill, Inc.*, 173 S.W.3d 672, 676 (Mo.App. E.D.2005). In determining whether collateral estoppel applies, four factors are considered:

(1) is the issue in the present case identical to the issue decided in the prior

---

**2.** Plaintiffs argue that they were not given adequate time to answer the interrogatories ordered by the special master because the trial court confirmed the special master's report on the day the answers were due on April 24, 2009. However, counsel for Plaintiffs admitted at the hearing on the motion to dismiss three months later on July 22, 2009, that Plaintiffs still had not sent the interrogatories to the members.

adjudication; (2) was there a judgment on the merits in the prior adjudication; (3) is the party against whom collateral estoppel asserted the same party or in privity with a party in the prior adjudication; and (4) did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate the issue in the prior suit. *State ex rel. Johns v. Kays,* 181 S.W.3d 565, 566 (Mo. banc 2006).

■■■ The denial of a motion for summary judgment is not a final judgment on the merits. *Metal Exch. Corp.,* 173 S.W.3d at 677. Moreover, the denial of a motion to dismiss is an interlocutory order and not a judgment on the merits. *Stevenson v. City of St. Louis Sch. Dist.,* 820 S.W.2d 609, 611 (Mo.App. E.D.1991). "An interlocutory order may be reconsidered, amended, reversed or vacated by the trial court at any time prior to final judgment being entered." *Macke Laundry Serv. Ltd. P'ship v. Jetz Serv. Co.,* 931 S.W.2d 166, 176 (Mo.App. W.D.1996).

The denials of Defendants' motions to dismiss and for summary judgment were interlocutory and were not judgments on the merits. Collateral estoppel, therefore, did not apply to bar further action by the special master and trial court on the issue of whether the petition was brought by the requisite number of members after Defendants asserted new evidence on the issue. The point is denied.

### Denial of Corporation's Motion to Intervene

Plaintiffs next argue that the trial court erred in dismissing their derivative action because the Corporation's motion to intervene rendered the motion to dismiss moot. After Defendants filed their May 4, 2009 motion to dismiss based on lack of requisite number of members to bring the suit on behalf of Corporation, Corporation filed a motion to intervene as a matter of right in the place of Plaintiffs under Rule 52.12(a). They also argued that, at a minimum, their right to intervene was permissible under Rule 52.12(b). The trial court denied the motion.

■■■ Denial of a Rule 52.12 motion to intervene as a matter of right is affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *State ex rel. Nixon v. Am. Tobacco Co.,* 34 S.W.3d 122, 126 (Mo. banc 2000). Rule 52.12(a) provides:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■■■ In the absence of a statute conferring an unconditional right to intervene, an applicant seeking intervention must file a timely motion showing three elements: "(1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest." *Am. Tobacco,* 34 S.W.3d at 127 (internal quotes and citation omitted). "The proposed intervenor carries the burden of establishing the presence of all three elements required for intervention as a matter of right." *Id.* When an applicant

satisfies the elements, the right to intervene is absolute, and the motion to intervene may not be denied. *Id.*

 Subsection b of Rule 52.12 governs permissive intervention. It provides, in pertinent part, that upon timely application, anyone may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Rule 52.12(b). Review of a trial court's decision regarding permissive intervention is for abuse of discretion. *Am. Tobacco,* 34 S.W.3d at 131. "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration...." *Id.* (internal quotes and citation omitted).

Here, Corporation failed to carry its burden of establishing the three elements required for intervention as a matter of right or to show that the trial court abused its discretion in denying permissive intervention. That Corporation has an interest in the derivative action brought on its behalf is obvious. Similarly, its claims have questions of law and fact in common with the derivative action. However, Corporation did not allege, much less establish, how its ability to protect its interest would be impaired but only asserted that it "now wishes to protect its interests and proceed with this action without the burden on its membership and with the full support of the Board of Directors and President." The parties concede and the Missouri court system's automated case record service, CaseNet, confirms that Corporation filed a separate action against Defendants in Clay County Circuit Court in case 09CY–CV06792 in June 2009 and that that case is pending. Given the availability of alternative relief, the trial court's denial of Corporation's motion to intervene was not so clearly against the logic of the circumstances or so arbitrary and unreasonable as to shock the sense of justice. *See Id.* (trial court did not abuse its discretion in not permitting intervention of applicant given the availability of alternative relief and possibility of undue delay and prejudice to original parties). The trial court did not err or abuse its discretion in denying Corporation's motion to intervene, and such motion did not render Defendants' motion to dismiss moot. The point is denied.

The judgment of the trial court dismissing the derivative action is affirmed.

All concur.