

# Missouri Court of Appeals
## Southern District
### Division Two

CAROLYN C. KLEIN, as member of R. )
Clinton Enterprises, LLC, a Missouri )
Limited Liability Company, on behalf of )
herself and all other similarly situated )
members, and as Co-Trustee of the Ray )
Clinton Irrevocable Trust, the Dorothy )
Clinton Irrevocable Trust, and the Clinton )
Family Trust, )
    )
              Plaintiff-Respondent, )
    )
     vs. )     No. SD33288
    )
STEVEN M. CLINTON, individually, and )     **Filed: February 24, 2015**
as a member of R. Clinton Enterprises, LLC,)
    )
              Defendant-Appellant, )
    )
and R. Clinton Enterprises, LLC, )
    )
              Defendant, )
    )
and DOROTHY CLINTON, )
    )
              Intervenor, )
    )
and RAY BELL, the Ray A. Bell Irrevocable)
Trust, Joseph C. Bell, the Joseph C. Bell )
Irrevocable Trust, Marshall Clinton, the )
Marshall Ellison Clinton Irrevocable Trust, )
Matthew Clinton, the Matthew Steven )
Clinton Irrevocable Trust, the Christopher )
C. Clinton Irrevocable Trust, Charles )

1

Clinton, Sheila Williams, and Tiffany )
Clinton, )
)
Interested Parties. )

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Stephen R. Mitchell, Associate Circuit Judge

**DISMISSED**

The plaintiff and defendant in this action are brother and sister and are beneficiaries of trusts prepared by their father. Carolyn C. Klein brought a Second Amended Petition against her brother, Steven M. Clinton, for breach of fiduciary duty (Count I), requesting an "application for writ of mandamus" compelling production of books and records (Count II), requesting an accounting (Count III), requesting appointment of a receiver (Count IV), removal of Clinton as trustee (Count V), breach of trust (Count VI), and for reimbursement of attorneys' fees (Count VII). The trial court's Order noted that Clinton had not filed an Answer to the Second Amended Petition and was in default and that it had earlier ordered the appointment of a Receiver to take possession and manage the assets of R. Clinton Enterprises, LLC, per the request in Count IV. The court also noted that Clinton had failed to appear for his deposition and, pursuant to Rule 61.01(d),[1] the court was allowed to enter an order "striking pleadings or parts thereof" or "rendering a judgment by default against the disobedient party." The trial court struck Clinton's pleadings and imposed sanctions. Clinton brings two points on appeal: first, that the court abused its discretion in striking Clinton's pleadings and entering judgment against him on counts V, VI, and VII; and, second, that the court erred

---

[1] All rule references are to Missouri Court Rules (2015), unless otherwise specified.

in awarding attorneys' fees.  Because there is no final judgment, we must dismiss the appeal.

## Procedural History

Klein filed her original petition in the Circuit Court of Scott County, Missouri, consisting of three separate counts.

Klein's First Amended Petition contained four separate counts.  The trial court gave Clinton twenty days to file responsive pleadings to the First Amended Petition.  Clinton filed a one-sentence motion to dismiss on May 9, 2013.  The trial court overruled Clinton's motion to dismiss on May 21, 2013, and ordered Clinton to file his Answer to the First Amended Petition within ten days; however, Clinton did not file his Answer to the First Amended Petition until November 12, 2013.

On May 15 and 17, 2013, Klein filed two separate motions to compel.  The first motion to compel related to requests for production of documents served on Clinton on November 30, 2012.  The second motion to compel related to written discovery served on April 8, 2013.  According to the trial court, both motions related to interrogatories and requests for production of documents that sought "basic fundamental documents and information that the (Respondent) was absolutely entitled to under the Missouri Rules of Civil Procedure, R.S.Mo. § 347.091.2, and the Operating Agreement of R. Clinton Enterprises, LLC."  Klein's motions to compel were set for a hearing on June 19, 2013.

Following a first failed attempt at mediation when Clinton failed to appear, Klein filed a Motion for Sanctions, a Motion for Appointment of Receiver, and a Motion for Leave to File Second Amended Petition.

3

On October 16, 2013, the trial court ordered the parties to mediate; Clinton again failed to appear at the mediation. Following the second failed attempt at mediation, Klein filed a Supplemental Motion for Sanctions.

On November 13, 2013, the trial court held a hearing on Klein's Motion to Appoint a Receiver, Motion for Leave to File Second Amended Petition, and the two motions for sanctions. Clinton did not attend the hearing. The trial court granted leave to file the Second Amended Petition and continued Klein's motions for sanctions to a later date. At the November 13, 2013 hearing, the trial court appointed Mr. Rice "Pete" Burns, Jr., as Receiver of the LLC. The trial court's Order Appointing Receiver specifically directed that "all persons or entities in possession of any assets of R. Clinton Enterprises, LLC . . . are directed to deliver possession of those assets to the Receiver, immediately." The trial court's Order Appointing Receiver also enjoined all parties "from interfering with, transferring, selling, or disposing of any property of R. Clinton Enterprises, LLC, or from doing any act that prevents the Receiver from fulfilling his duties under this Order, or that interferes with the Receiver's efforts to fulfill his duties under this Order."

Klein then filed her Second Amended Petition, adding three additional counts that were not included in the First Amended Petition. Just as she had in Count III of the original petition, in Count V of the Second Amended Petition, Klein sought removal of Clinton as co-trustee of the Trusts. In Count VI, Klein sought damages for Clinton's breach of trust. Finally, in Count VII, Klein requested reimbursement of her attorneys' fees and expenses. Clinton never filed an answer or any other responsive pleading to Klein's Second Amended Petition.

Klein's counsel served a notice of deposition on October 15, 2013, for a deposition of Clinton on November 26, 2013, but Clinton failed to attend his deposition. On January 23, 2014, Klein filed her Motion to Strike Pleadings and for Default Judgment.

The trial court held a hearing on Klein's Motion to Strike Pleadings and for Default Judgment. The trial court entered sanctions against Clinton by (1) striking Clinton's pleadings, (2) entering judgment against Clinton on Count V of Klein's Second Amended Petition, which removed Clinton as a co-trustee of the Trusts, (3) entering an interlocutory judgment of default against Clinton on Count VI of the Second Amended Petition and ordering Clinton to pay damages to the Trusts in an amount to be determined at a subsequent hearing, (4) entering an interlocutory judgment of default as to Count VII and ordering Clinton to pay Klein "an amount equal to the Plaintiff's reasonable attorneys' fees and costs incurred in this action, as determined in a subsequent hearing of this Court, within 30 days of the Court's determination," (5) ordering Clinton to personally pay mediator Selsor's fee in the amount of $1,008 within 10 days of the Order and Judgment, (6) ordering Clinton to personally pay mediator Remley's fee in the amount of $825 within 10 days of the Order and Judgment, and (7) ordering Clinton to personally pay Klein the amount of $1,715.29 as reimbursement for travel and expenses incurred by her family in traveling to and attending the second attempted mediation. The trial court certified this "judgment" as final for purposes of appeal pursuant to Rule 74.01(b). Clinton appeals from this order.

"Although none of the parties here questions whether the trial court properly certified its order for immediate appeal pursuant to Rule 74.01(b), this Court is required

to raise that issue *sua sponte*." ***Buemi v Kerckhoff***, 359 S.W.3d 16, 20 (Mo. banc 2011). That is because the right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. ***Id.*** "[S]ection 512.010 requires that there be a 'final judgment' as a prerequisite to appellate review." ***Id.***

> Generally, a final judgment is defined as one that resolves "'all issues in a case, leaving nothing for future determination.'" *Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees,* 43 S.W.3d 293, 298 (Mo. banc 2001) (internal citation omitted). The converse of a final judgment is an interlocutory order, which is an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy. *Id.*

***Id.***

In ***Buemi***, the trial court granted a motion for sanctions and certified its order as final and appealable pursuant to Rule 74.01(b). ***Id.*** at 19. The Supreme Court found that the trial court's order was interlocutory in nature because it decided a matter between the commencement and end of the suit and "underlying claims for damages and injunctive relief still are pending." ***Id.*** at 20. Because a motion for sanctions is not a legal claim filed "in an action" by way of a petition, counterclaim, cross-claim, or third-party claim, the Supreme Court held that it did not fall within the definition of a "claim for relief" as that term was used in Rule 74.01(b) and could not be a "distinct judicial unit" subject to appeal under Rule 74.01(b). ***Id.*** at 21. Likewise, the order granting sanctions in this case does not fall within the definition of a "claim for relief" as the term is used in Rule 74.01(b) and is not a final judgment.

Furthermore, still pending are the claims for damages for a breach of fiduciary duty, the application compelling the production of books and records, and the request for accounting. Additionally, in the trial court's order granting the motion for sanctions and

6

default judgment, the court specifically left open the amount of damages on Count VI. All of these remaining counts and the claim for damages on Count VI are part of the same "judicial unit for appeal" as defined by the Supreme Court of Missouri: "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of a claim." *Id.* at 29 (internal citations and quotations omitted). "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (internal citation omitted). It is not an appealable judgment if it disposes of fewer than all the issues and remedies as to a single claim. *Shelter Mut. Ins. Co. v. Vulgamott*, 96 S.W.3d 96, 106 (Mo.App. W.D. 2003).

This Order is not a final judgment; therefore, we lack authority to consider the appeal and it must be dismissed.[2]

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, J. - Concurs

Don E. Burrell, J. - Concurs

---

[2] Klein filed two motions on appeal that were taken with the case. Both motions are denied as moot.