ROBERT M. CLAYTON III, Judge
Renwick Ware ("Defendant") appeals the judgment of the Associate Circuit Division of the Circuit Court of St. Charles County granting Universal Credit Acceptance, Inc., Assignee of Instacredit Automart's ("Plaintiff") motion to reconsider and finding Plaintiff's voluntary dismissal dismissed Defendant's previously filed counterclaims. We reverse and remand.[1]
I. BACKGROUND
On April 7, 2015, Plaintiff filed its petition for breach of contract seeking a deficiency judgment after Defendant failed to make payments on a vehicle he purchased from and financed through Plaintiff. After Plaintiff's first two attempts to serve Defendant were unsuccessful, Defendant was allegedly served on September 21, 2015 with a summons and instructions to appear on September 29, 2015. Defendant failed to appear on September 29, 2015, and the trial court entered a default judgment against him.
On August 16, 2016, Defendant moved to set aside the default judgment ("the motion to set aside") because of improper service; Defendant alleged he had good cause and a meritorious defense. In his *72 motion to set aside, Defendant also requested "[fourteen] days to answer the Petition or otherwise respond." While the motion to set aside was still pending, Plaintiff filed two notices of voluntary dismissal and Defendant filed a proposed answer and counterclaims.
On September 27, 2016, the Honorable Norman C. Steimel III ("Judge Steimel") entered a judgment ("the September 2016 Judgment") stating, (1) the default judgment against Defendant was set aside; (2) the default judgment closed the case at the time it was entered, the only filings allowed on a closed case are motions under Missouri Supreme Court Rules 74.05 or 74.06 (2016), thus, all filings submitted by the parties other than the motion to set aside were "nullities and of no effect[;]" (3) "the parties are now free to file whatever pleadings they deem appropriate[;]" and (4) the case was continued to the October 25, 2016 docket for "further announcement."
On September 28, 2016, the day after the default judgment was set aside, Defendant filed his answer and counterclaims. Six minutes later, Plaintiff filed a notice of voluntary dismissal.
The parties appeared before Judge Steimel on October 25, 2016. After several months of inactivity, the court entered an order on April 19, 2017 scheduling the matter for the May 5, 2017 docket for setting or disposition. The next day, Defendant applied for a change of judge and the request was granted by the trial court. Plaintiff then moved to strike Defendant's application for change of judge ("the motion to strike"), arguing the voluntary dismissal it filed on August 19, 2016, while the motion to set aside was still pending, was effective on the date it was filed and deprived the trial court of jurisdiction to take any further action in this case. The motion to strike was denied by Judge Steimel in an "[o]rder/[j]udgment" entered on April 28, 2017 ("the April 2017 Order"),[2] as he found the September 2016 Judgment reset the return date to October 25, 2016, and thus, Defendant's answer and counterclaims filed on September 28, 2016 were timely and operative.
The case was thereafter assigned to the Honorable Matthew Thornhill. On May 23, 2017, Plaintiff applied for and was granted a change of judge; the case was then transferred to the Honorable Rebeca M. Navarro-McKelvey ("Judge Navarro-McKelvey").
On June 14, 2017, Plaintiff filed a motion to reconsider the April 2017 Order ("the motion to reconsider"). In support of the motion to reconsider, Plaintiff argued the court had no jurisdiction over the matter after Plaintiff filed a notice of voluntary dismissal. On August 29, 2017, Judge Navarro-McKelvey entered an order and judgment ("the August 2017 Judgment") concluding, (1) Defendant's answer and counterclaims were untimely and invalid because Defendant failed to seek leave of the court to file them and no new return date was set; and (2) the voluntary dismissal filed after the default judgment was set aside was valid, ended the case at that time, and the court had no further jurisdiction to act after it was filed.
Defendant then filed the instant appeal from the August 2017 Judgment. Subsequently, Plaintiff filed a motion to dismiss the appeal for lack of jurisdiction. Our Court ordered Plaintiff's motion to dismiss to be taken with the case, and the submission of this appeal followed.
*73 II. DISCUSSION
In this case, we first consider Plaintiff's motion to dismiss the appeal for lack of jurisdiction, which was taken with the case. Then, we will address Defendant's three points on appeal in the following order. In Defendant's third point on appeal, he argues Judge Navarro-McKelvey had no authority to reconsider the April 2017 Order. In his first and second points on appeal, Defendant asserts Judge Navarro-McKelvey erred in granting Plaintiff's motion to reconsider.
A. Plaintiff's Motion Taken with the Case
We initially consider Plaintiff's motion to dismiss the appeal for lack of jurisdiction, in which Plaintiff argues Defendant was not aggrieved by the August 2017 Judgment because the court ordered the dismissal without prejudice as to Defendant and Defendant was "free to file suit against [Plaintiff] in another action."
Pursuant to section 512.020 RSMo Supp. 2005,[3] the right to appeal generally extends to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause." A party is aggrieved by a judgment when: it will directly, prejudicially, and immediately affect the party's personal or property rights or interests; or it practically terminates the case in the form it was filed or in the party's chosen forum. Universal Credit Acceptance, Inc. v. Randall , 541 S.W.3d 726, 728 (Mo. App. E.D. 2018). We determine whether a party was aggrieved by a judgment by examining the particular facts and circumstances of the case, always remembering the right to appeal is to be construed liberally and any doubts should be resolved in favor of allowing the appeal to proceed. Id.
In response to Plaintiff's motion to dismiss, Defendant maintains he was aggrieved by the judgment he appealed from because it prevents him from bringing his claims against Plaintiff in the form they were filed (counterclaims) or in his chosen forum (state court). We agree. Because the August 2017 Judgment dismissed Plaintiff's petition, Defendant must file his claims as a plaintiff rather than asserting them as counterclaims in the present action. As a result, Defendant would incur additional expenses, his claims could be subject to additional defenses, and Plaintiff might seek to remove the case to federal court where it would be time-barred under the applicable statute of limitations. Liberally construing the right to appeal and resolving any doubts in favor of allowing this appeal to proceed, we find the August 2017 Judgment practically precludes Defendant from asserting his claims in his chosen form and forum, i.e., as counterclaims in state court. See id. at 728-29 (similarly finding). Accordingly, we deny Plaintiff's motion to dismiss the appeal for lack of jurisdiction and proceed to address the merits of Defendant's points on appeal.
B. Whether Judge Navarro-McKelvey had Authority to Reconsider the April 2017 Order
We now turn to Defendant's third point on appeal, in which he argues Judge Navarro-McKelvey had no authority to reconsider the April 2017 Order. Initially, Defendant asserts motions to reconsider "have no legal effect in that no [Missouri Supreme Court Rule] provides for such a motion." Defendant also contends Judge Navarro-McKelvey erred in reconsidering the ruling previously entered by Judge *74 Steimel. For the reasons set forth below, we disagree.
In Garza v. Valley Crest Landscape Maintenance, Inc. , this Court addressed a claim similar to Defendant's initial argument that the Missouri Supreme Court Rules do not contemplate a motion to reconsider. 224 S.W.3d 61, 65 (Mo. App. E.D. 2007). Our Court found the assertion without merit because the only case cited by the appellant was distinguishable as it dealt with a motion to reconsider a final judgment. Id. Because the ruling that had been reconsidered was interlocutory in nature, this Court found the trial court had continuing jurisdiction over the order and was free to reconsider issues decided therein. Id.
Accordingly, we must first determine whether the April 2017 Order was a final judgment or an interlocutory order. See id. A final judgment is one that resolves "all issues in a case, leaving nothing for future determination." Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees , 43 S.W.3d 293, 298 (Mo. banc 2001) (quotations omitted). A judgment is final when it fully disposes of the entire merits of the case. Id. In contrast, an interlocutory order "generally decides some point or matter between the commencement and the end of a suit, but [ ] is not a final decision on the whole controversy." Id. A ruling is interlocutory when it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Rule 74.01(b);[4] Sanford v. CenturyTel of Missouri, LLC , 490 S.W.3d 717, 720-21 (Mo. banc 2016).
Here, the April 2017 Order did not resolve all issues in this case or fully dispose of the entire merits of the case. Rather, in denying Plaintiff's motion to strike Defendant's application for change of judge, it ruled only on the issues of whether a new return date was set and whether Defendant's answer and counterclaims were timely filed. Further, in finding Defendant's counterclaims were timely and operative, the April 2017 Order left the merits of those claims for future determination.[5] Therefore, the April 2017 Order was not a final judgment, but was interlocutory in nature. See Sanford , 490 S.W.3d at 719 (similarly finding where the trial court's order ruled on only two issues within the case); Klein v. Clinton , 456 S.W.3d 80, 83-84 (Mo. App. S.D. 2015) (trial court's ruling on a motion to strike was interlocutory); see also Transit Cas. Co. ex rel. Pulitzer Publishing Co. , 43 S.W.3d at 298 ; Rule 74.01(b). Finally, the fact that Judge Steimel denominated the ruling as an "[o]rder/[j]udgment" does not change our conclusion as it is the substance, content, and effect of the order that determines its finality. See Delaney v. Gleed , 169 S.W.3d 84, 85 (Mo. App. S.D. 2005).
Because we have determined the April 2017 Order was an interlocutory order rather than a final judgment, the trial court had authority to reconsider it. Pursuant to Rule 74.01(b), any interlocutory order is subject to revision at any time before the entry of a final judgment. Sanford , 490 S.W.3d at 720-21 ; Rule 74.01(b).
*75 As such, a trial court has discretion to reconsider, amend, reverse, or vacate an interlocutory order at any time prior to the final judgment being entered. State ex rel. Koster v. Didion Land Project Association, LLC , 469 S.W.3d 914, 918 (Mo. App. E.D. 2015) ; McMahon v. Geldersma , 317 S.W.3d 700, 705 (Mo. App. W.D. 2010).
Nevertheless, Defendant additionally maintains Judge Navarro-McKelvey erred in reconsidering a previous decision made by Judge Steimel. This argument has been previously rejected by the Western District in Richey v. Meter Investments, Inc. , a case in which the appellant asserted one judge erred in overruling a prior motion ruling made by another judge. 680 S.W.2d 381, 384 (Mo. App. W.D. 1984). Recognizing that Missouri does not follow the rule that a motion once ruled on cannot be reconsidered, the Richey Court found that to adopt the appellant's position would preclude a trial court from correcting what it later concludes was a mistaken ruling even when it still has jurisdiction over the matter. Id. The Court held "[s]uch a doctrine would militate against the practical and effective administration of justice." Id. (quoting Rozansky Feed Co., Inc. v. Monsanto Co. , 579 S.W.2d 810, 813 (Mo. App. W.D. 1979) ). Because we agree with the Western District's reasoning, Defendant's argument is without merit.
Based on the foregoing, Judge Navarro-McKelvey had authority to reconsider the April 2017 Order. See id. ; see also Sanford , 490 S.W.3d at 719-21 ; Didion Land Project Association , 469 S.W.3d at 918 ; McMahon , 317 S.W.3d at 705 ; Rule 74.01(b). Having reviewed the cases cited by Defendant in his arguments to the contrary, we find they are either distinguishable as they involve motions to reconsider a final judgment, or they are cases from federal intermediate appellate courts that are not binding on us. See Doe v. Roman Catholic Diocese of St. Louis , 311 S.W.3d 818, 823 (Mo. App. E.D. 2010) (decisions from federal intermediate appellate courts are not binding on this Court); Garza , 224 S.W.3d at 65 (a motion to reconsider a final judgment is distinguishable from a motion to reconsider an interlocutory order). Point three is denied.
C. Whether Judge Navarro-McKelvey Erred in Granting the Motion to Reconsider
In his first and second points on appeal, which we discuss together for ease of analysis, Defendant asserts Judge Navarro-McKelvey erred in granting Plaintiff's motion to reconsider.
1. Standard of Review
As previously stated, the trial court's decision to reconsider, amend, reverse, or vacate an interlocutory order is a matter within the trial court's discretion. Didion Land Project Association , 469 S.W.3d at 918 ; McMahon , 317 S.W.3d at 705. Accordingly, we review the court's ruling on a motion to reconsider an interlocutory order for an abuse of such discretion. See In re Kraus , 318 S.W.3d 274, 275-78, 278 n.3 (Mo. App. W.D. 2010) ; Drewel v. Post Machinery Co., Inc. , 880 S.W.2d 932, 934 (Mo. App. E.D. 1994). An abuse of discretion occurs when the trial court's ruling is "clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Payne v. Fiesta Corporation , 543 S.W.3d 109, 122 (Mo. App. E.D. 2018) (quotations omitted).
To the extent Defendant's first and second points on appeal require us to decide questions of law, including the trial court's jurisdiction or the interpretation of statutes *76 or Missouri Supreme Court Rules, we review those issues de novo. Muhm v. Myers , 400 S.W.3d 846, 849 (Mo. App. E.D. 2013) ; Joshi v. Ries , 330 S.W.3d 512, 514-15 (Mo. App. E.D. 2010) ; Marks v. Marks , 203 S.W.3d 729, 733 (Mo. App. E.D. 2006).
2. Relevant Facts
After default judgment was initially entered against Defendant as a result of his failure to appear on the return date, Defendant moved to set aside the default judgment because of improper service. In his motion to set aside, Defendant also requested "[fourteen] days to answer the Petition or otherwise respond." While the motion to set aside was still pending, Plaintiff filed two notices of voluntary dismissal.
In the September 2016 Judgment, Judge Steimel found, (1) the default judgment against Defendant was set aside; (2) the default judgment closed the case at the time it was entered, the only filings allowed on a closed case are motions under Missouri Supreme Court Rules 74.05 or 74.06 (2016), thus, all filings submitted by the parties other than the motion to set aside were "nullities and of no effect[;]" (3) "the parties are now free to file whatever pleadings they deem appropriate[;]" and (4) the case was continued to the October 25, 2016 docket for "further announcement."
On September 28, 2016, the day after the default judgment was set aside, Defendant filed his answer and counterclaims. Six minutes later, Plaintiff filed a notice of voluntary dismissal.
On April 20, 2017, Defendant applied for a change of judge and the request was granted by the trial court. Plaintiff then moved to strike Defendant's application for change of judge, arguing the voluntary dismissal it filed on August 19, 2016, while the motion to set aside the default judgment was still pending, was effective on the date it was filed and deprived the trial court of jurisdiction to take any further action in this case. The motion to strike was denied by Judge Steimel in the April 2017 Order, as he found the September 2016 Judgment reset the return date to October 25, 2016, and thus, Defendant's answer and counterclaims filed on September 28, 2016 were timely and operative.
After the case was re-assigned per Defendant's request, Plaintiff requested and was granted a change of judge, which led to the case being transferred to Judge Navarro-McKelvey. Plaintiff then filed the motion to reconsider the April 2017 Order, arguing the court had no jurisdiction over the matter after Plaintiff filed a notice of voluntary dismissal. On August 29, 2017, Judge Navarro-McKelvey entered the August 2017 Judgment declaring:
.... On September 27, 2016, the [c]ourt set aside the default judgment finding it void due to improper service, and declared all prior filings, other than [the] motion to set aside the default, to be null and void.
The [c]ourt's order re-opened the case, and the cause was continued to October 25, 2016, but this did not constitute a new return date (emphasis added). On September 28, 2016, almost one year after the original return date, the defendant filed [an answer and counterclaims], without seeking leave of the [c]ourt first. Shortly thereafter, also on September 28, 2016, [ ] Plaintiff filed its voluntary dismissal.
[ Section 517.031 RSMo 2000 ] requires that counterclaims be filed in writing no later than the return date and time of the summons, unless leave of [c]ourt is sought and granted. Defendant failed to seek leave of the [c]ourt and therefore the answer and counterclaim[s] were not *77 timely filed and are invalid. Plaintiff's properly filed voluntary dismissal took effect immediately upon its filing. The filing of the dismissal was valid and it ended the case. Therefore, the trial court had no jurisdiction to act after the dismissal was filed and did not have authority to issue any further orders including, [the April 2017 Order]. Any orders issued after the September 28, 2016 dismissal have no [effect] and are null and void. [P]laintiff's case is dismissed with prejudice, but [D]efendant is free to file suit against [P]laintiff in another action. ....
(emphasis in original).
3. Defendant's First Point on Appeal
In Defendant's first point on appeal, he asserts Judge Navarro-McKelvey erred in granting the motion to reconsider upon finding the trial court lacked jurisdiction over the matter because his answer and counterclaims were timely filed in that he was not required to seek leave to file them after the default judgment was set aside for improper service. We disagree.
The present civil action was filed before an associate circuit judge in accordance with section 517.011.1(1) RSMo 2000,[6] as it was an action seeking recovery of money founded upon a contract with the sum demanded not exceeding twenty-five thousand dollars. The Missouri Supreme Court Rules of Civil Procedure apply to civil actions before an associate circuit judge under Chapter 517, unless otherwise provided by law. Clark v. Kinsey , 488 S.W.3d 750, 758 (Mo. App. E.D. 2016) ; Manor Square, Inc. v. Heartthrob of Kansas City, Inc. , 854 S.W.2d 38, 41 (Mo. App. W.D. 1993) ; Rule 41.01(d).[7] One of those instances otherwise provided by law is section 517.031, which sets forth the particular pleading requirements for cases filed in the associate circuit division of the circuit courts in Missouri. Manor Square , 854 S.W.2d at 41-42. Under this section, a defendant is required to file counterclaims, affirmative defenses, and cross-claims "in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court." Section 517.031.2; Manor Square , 854 S.W.2d at 42. No exception has been carved out for defendants who were improperly served. See Stine v. Warford , 18 S.W.3d 601, 604 (Mo. App. W.D. 2000) (rejecting defendant's argument that she was not subject to the requirements of section 517.031.2 because she was served only three days before the return date). Instead, the proper course of action for the defendant is to seek leave of the court to file affirmative defenses, counterclaims, or cross-claims at a later date. Id.
The plain language of section 517.031.2 clearly indicates Defendant's argument in his first point on appeal is without merit. Defendant was required to seek leave of the court to file his counterclaims at a date later than the original return date. See id. ; see also Stine , 18 S.W.3d at 604 ; Manor Square , 854 S.W.2d at 41-42. Point one is denied.
4. Defendant's Second Point on Appeal
Finally, in Defendant's second point on appeal, he contends Judge Navarro-McKelvey erred in granting the motion to reconsider upon finding the trial court lacked jurisdiction over the matter because:
*78 Judge Steimel set a new return date in the September 2016 Judgment; Defendant's answer and counterclaims were timely filed; and thus, his counterclaims were not dismissed by Plaintiff's subsequent voluntary dismissal. We agree.
As a preliminary matter, we find it important to clarify which of Plaintiff's voluntary dismissals is relevant to our analysis, i.e., which one Judge Navarro-McKelvey found took effect immediately upon its filing and deprived the court of jurisdiction over the matter. Plaintiff filed a total of three notices of voluntary dismissal-two were filed while Defendant's motion to set aside was pending and one was filed the day after the default judgment was set aside. The last voluntary dismissal was filed six minutes after Defendant filed his answer and counterclaims.
In the motion to reconsider, Plaintiff argued the court lost jurisdiction over the matter after Plaintiff filed its first notice of voluntary dismissal on August 19, 2016. However, this notice of voluntary dismissal was filed after the case had been effectively closed by the entry of default judgment and before the September 2016 Judgment re-opened the matter by setting aside the default. While Missouri Supreme Court Rule 67.02 (2016)[8] allows the plaintiff in a civil action to voluntarily dismiss its claims without court approval any time prior to the swearing in of the jury panel or prior to the introduction of the evidence, the rule presupposes that a "civil action" is pending at the time the voluntary dismissal is filed. See Rule 67.02(a)(1)-(2) ; see also Randall , 541 S.W.3d at 729-30 ; Muza v. Missouri Dept. of Social Services , 769 S.W.2d 168, 173 (Mo. App. W.D. 1989) (similarly finding with respect to the substantially similar federal rule of civil procedure discussing voluntary dismissal by a plaintiff). In the absence of a pending "civil action," the filing of a voluntary dismissal is a "gesture without effect." See Muza , 769 S.W.2d at 173 (similarly finding with respect to the substantially similar federal rule of civil procedure discussing voluntary dismissal by a plaintiff).
In this case, there was no "civil action" pending at the time Plaintiff filed its first two notices of voluntary dismissal in August 2016 because a default judgment was entered and had become final, and the motion to set aside had not yet been granted. See Randall , 541 S.W.3d at 729-30. After the action was revived by the September 2016 Judgment setting aside the default judgment, the parties were effectively put back in the exact position they were in prior to the trial court entering the default judgment. Matter of Foreclosure of Liens for Delinquent Land Taxes By Action In Rem Collector of Revenue v. Parcels of Land Encumbered With Delinquent Tax Liens , 504 S.W.3d 880, 883 (Mo. App. E.D. 2016). Therefore, we find Plaintiff's notices of voluntary dismissal filed while Defendant's motion to set aside were still pending were "gestures without effect" and did not become effective upon the default judgment being set aside. See id. ; Muza , 769 S.W.2d at 173. Accordingly, the voluntary dismissal that Judge Navarro-McKelvey *79 determined took effect immediately upon its filing was the one filed on September 28, 2016, the day after the default judgment was set aside and six minutes after Defendant's answer and counterclaims were filed.
Because it is undisputed Defendant failed to file his counterclaims prior to the original return date, our next step in addressing Defendant's second point on appeal is to determine whether Defendant requested leave to file his counterclaims at a later date. See section II.C.3. above; see also section 517.031.2; Stine , 18 S.W.3d at 604 ; Manor Square , 854 S.W.2d at 41-42. We find that Defendant did in fact request leave, because he specifically requested in his motion to set aside "[fourteen] days to answer the Petition or otherwise respond." Consistent with the simplified and informal nature of cases heard in the associate circuit division, this request was sufficient to meet the requirement that Defendant seek leave to file his counterclaims later than his original return date. See id. ; see also Becker Glove Intern., Inc. v. Jack Dubinsky & Sons , 41 S.W.3d 885, 888 (Mo. banc 2001) (acknowledging the simplified nature of Chapter 517 proceedings and that informal pleadings are the general rule).
At this stage, we examine whether Judge Steimel granted Defendant additional time to file his answer and counterclaims. Section 517.031.3 allows the court to extend the time for filing a pleading for good cause. Jamestowne Homeowners Ass'n Trustees v. Jackson , 417 S.W.3d 348, 358 (Mo. App. E.D. 2013). Here, Judge Steimel did not expressly state that a new return date was set or specifically grant Defendant's request for leave. However, the September 2016 Judgment implicitly granted the request by, (1) granting the motion to set aside the default judgment in which the request for leave was made; (2) continuing the case until October 25, 2016; and (3) allowing the parties to "file whatever pleadings they deem appropriate." See id. at 359 (court's order setting aside the default judgment did not explicitly set a new return date but gave the defendant thirty days to file her answer and affirmative defenses); Neenan Co. v. Cox , 955 S.W.2d 595, 598 (Mo. App. W.D. 1997) (interpreting rule that counterclaims must be filed by the return date to mean the "return date as continued") (abrogated on other grounds by Joel Bianco Kawasaki Plus v. Meramec Valley Bank , 81 S.W.3d 528, 534 n.4 (Mo. banc 2002) ); see also Parkside Wireworks, L.L.C. v. MDG Management Corp. , 69 S.W.3d 133, 135 (Mo. App. E.D. 2002) (under rule governing default judgments in the associate circuit division, a continuance is akin to setting a new return date). Therefore, based on the circumstances before the court at the time Judge Navarro-McKelvey ruled on the motion to reconsider, we find she abused her discretion in concluding Defendant did not request or was not granted leave to file his answer and counterclaims. See Payne , 543 S.W.3d at 122.
Finally, we address the "race to the courthouse" that occurred after Judge Steimel rendered the September 2016 Judgment. In this judgment, Defendant was granted twenty-eight days to file whatever pleadings he deemed appropriate, and he timely filed his answer and counterclaims just one day after its entry. Six minutes later, Plaintiff filed its third notice of voluntary dismissal, which was immediately effective to dismiss Plaintiff's claims under Rule 67.02. Zinke v. Orskog , 422 S.W.3d 422, 428 (Mo. App. W.D. 2013) (a voluntary dismissal is immediately effective). However, Plaintiff's voluntary dismissal did not dismiss Defendant's previously filed counterclaims. See Randall , 541 S.W.3d at 731 n.4 (citing Missouri Supreme Court Rule 67.05 (2016) for the rule *80 that a voluntary dismissal of a plaintiff's civil action does not dismiss previously filed counterclaims). Therefore, the trial court retained jurisdiction over the counterclaims.
In sum, Defendant requested and was granted additional time to file his answer and counterclaims, filed them within the additional time and prior to Plaintiff's subsequent voluntary dismissal being filed, and thus, the counterclaims were not dismissed by the subsequent voluntary dismissal. For these reasons, we hold Judge Navarro-McKelvey erred and abused her discretion in granting Plaintiff's motion to reconsider the April 2017 Order upon finding the trial court lacked jurisdiction over the matter. Point two is granted.
III. CONCLUSION
Based on the foregoing, we hold the trial court erred and abused its discretion in granting Plaintiff's motion to reconsider the April 2017 Order, in finding Defendant's counterclaims were untimely and invalid, and in dismissing those counterclaims. Accordingly, we reverse Judge Navarro-McKelvey's August 2017 Judgment, and we remand for the court to proceed on Defendant's counterclaims in a manner consistent with this opinion.
Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.

As discussed more fully below, Plaintiff has filed a motion to dismiss the appeal for lack of jurisdiction, the motion was taken with the case, and we deny Plaintiff's motion.

See section II.B. below where we find that although Judge Steimel designated the April 2017 Order as an "[o]rder/[j]udgment," it was an interlocutory order and not a final, appealable judgment.

The statutory reference to section 512.020 is to RSMo Supp. 2005, which incorporates legislative amendments through 2004 and is the latest version of the statute.

All further references to Rule 74.01(b) are to Missouri Supreme Court Rules (2016), which was the version of the Rule in effect at the time the April 2017 Order was entered.

Although the April 2017 Order also found Defendant's answer was timely and operative, the answer was not subject to future determination because as explained below, Plaintiff's voluntary dismissal filed after the default judgment was set aside was immediately effective to dismiss Plaintiff's claims under Missouri Supreme Court Rule 67.02 (2016).

All further statutory references are to RSMo 2000, which are the latest versions of the statutes.

All further references to Rule 41.01(d) are to Missouri Supreme Court Rules (2014), which was the version of the Rule in effect at the time Plaintiff's petition was filed before an associate circuit judge.

All further references to Rule 67.02 are to Missouri Supreme Court Rules (2016), which was the version of the Rule in effect at the time Plaintiff's voluntary dismissals were filed. Because we have found no law holding Rule 67.02 is inapplicable to a civil action pending in the associate circuit division, and because the parties have not provided us with any, we find Rule 67.02 governs civil actions before an associate circuit judge under Chapter 517. See Clark , 488 S.W.3d at 758 ; Manor Square , 854 S.W.2d at 41 ; Rule 41.01(d); see also State ex rel. Rosen v. Smith , 241 S.W.3d 431, 432-33 (Mo. App. E.D. 2007) (discussing the application and effect of Rule 67.02(a)(2) in a case heard before an associate circuit judge).