**STEARNS BANK N.A., Respondent,**

v.

**Noel S. PALMER, Appellant.**

**No. ED 85261.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 6, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 2006.

Application for Transfer Denied Feb. 28, 2006.

---

Edward L. Campbell, Kirksville, MO, for respondent.

Noel S. Palmer, Novelty, MO, pro se.

## OPINION

GLENN A. NORTON, Chief Judge.

Noel Palmer appeals the judgment denying his motion to set aside a joint voluntary dismissal of all the parties' claims with prejudice, which had been filed by both parties through their attorneys. We agree with the trial court that it had no jurisdiction to act after the joint dismissal of the case; therefore, this Court has no appellate jurisdiction, and we must dismiss the appeal.

## I. BACKGROUND

Under a conditional sales contract between the parties, Stearns Bank loaned Palmer money to purchase an aircraft and Palmer granted the Bank a purchase money security interest in the aircraft. By separate agreement, the Bank also had a security interest in another aircraft of Palmer's, which secured his performance of any obligations he owed the Bank. When Palmer defaulted on the loan, the Bank took possession of both aircraft and filed a petition in replevin. Palmer filed counterclaims. The trial court entered partial summary judgment in June of 2002, finding that the Bank was entitled to take possession of both aircraft by virtue of its security interests and that issues relating to the sale of those aircraft would be determined by jury trial. In July, the parties filed, through their attorneys, a voluntary joint dismissal with prejudice under Rules 67.01 and 67.02(a) (2002)[1] of "this action which shall include the dismissal of all claims, counterclaims and crossclaims filed by any of the parties hereto." A few days after the joint dismissal was filed, Palmer sent a letter *pro se* to the court stating that he did not agree to voluntarily dismiss and that he had "very poor communication" with his attorney.

In the spring and summer of 2003, Palmer sent more correspondence *pro se* to the court and filed motions seeking, among other things, to present new documentation concerning the validity of the Bank's security instruments. The Bank opposed these motions on the ground that the trial court had no jurisdiction to act after the parties voluntarily dismissed the case. Palmer responded that the joint dismissal was filed without his consent and that the new documents he had uncovered since then showed the Bank's fraud. Palmer's motions were overruled.

In June of 2004, Palmer filed, again *pro se*, a motion to set aside the joint dismissal, claiming that he did not see the joint dismissal before it was filed, that he and his attorney "evidently miscommunicated as to the effect of" that pleading, that he did not consent to filing it and that it should not have been filed because he still wished to proceed with the claims that

---

1. All rule references are to the Missouri Supreme Court Rules (2002), unless otherwise noted.

remained after the partial summary judgment. The Bank opposed the motion again on jurisdictional grounds. After a hearing, the court denied Palmer's motion, finding that his attorney had apparent authority to file the joint dismissal and that, once filed, the court lost jurisdiction. Palmer appeals *pro se.*

## II. DISCUSSION

The Bank challenges this Court's jurisdiction on appeal, arguing that be-cause the trial court had no jurisdiction to act after the joint dismissal was filed, we too have no jurisdiction over this matter on appeal. We agree. Our jurisdiction derives from that of the circuit court. *In re Marriage of Jeffrey,* 53 S.W.3d 173, 175 (Mo.App. E.D.2001). If the circuit court does not have jurisdiction, then we do not acquire jurisdiction except to dismiss the appeal. *See id.* at 176. Whether the circuit court had jurisdiction is a question of law, which we review independently on appeal. *Norman v. Fischer Chevrolet Oldsmobile, Inc.,* 50 S.W.3d 313, 316 (Mo. App. E.D.2001).

Under Rule 67.02(a), a plaintiff's voluntary dismissal filed before the jury panel is sworn for *voir dire* is operative without order of the court.[2] A dismissal with prejudice "bars the assertion of the same cause of action or claim against the same party." Rule 67.01. Counterclaiming and cross-claiming parties have the same right to dispose of their cases without court order by voluntary dismissals with prejudice. *See* Rule 67.04. Palmer suggests that the joint dismissal in this case was covered by Rule 67.05, which provides that the dismissal of a plaintiff's action does not operate to dismiss previously filed counterclaims, and that, there-fore, the court still had jurisdiction over his counterclaims. But that rule only applies when the plaintiff's case is dismissed and the other parties' claims are not. Here, the joint dismissal was filed by both parties before a jury panel was sworn for *voir dire* and expressly applied to the dismissal with prejudice of all the claims, counterclaims and cross-claims of the parties. "Once all such claims have been so dismissed, the case is over and nothing remains before the court upon which it can act." *Samland v. J. White Transportation Company, Inc.,* 675 S.W.2d 92, 97 (Mo. App. W.D.1984). The court cannot even reinstate the case at the dismissing party's request. *See id.* Stated another way, the trial court loses jurisdiction on the date a voluntary dismissal is filed. *Freeman v. Leader National Insurance Co.,* 58 S.W.3d 590, 595–96 (Mo.App. E.D.2001).

Palmer also attempts to avoid the ramifications of the joint dismissal by challenging his attorney's authority to file it on his behalf. Only allegations of unfairness in the agreement to dismiss or fraud in its procurement would undermine the attorney's apparent authority to enter the joint dismissal and relieve Palmer of the obligations thereunder:

> An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party. The compromise of a pending suit by an attorney having apparent authority will be binding upon his client, unless it be so unfair as to put the other party upon inquiry as to the authority, or imply fraud.

---

2. This is the text of the Rule effective July 1, 2002 for cases to be tried by a jury, which applied to the joint dismissal filed on July 2, 2002 in this case involving, at that point, only issues for jury trial.

*Promotional Consultants, Inc. v. Logsdon,* 25 S.W.3d 501, 505 (Mo.App. E.D.2000) (attorney had implied authority to enter settlement requiring client to dismiss case with prejudice, and, without evidence that settlement was unfair or fraudulently obtained, it was binding on client); *see also Samland,* 675 S.W.2d at 96 (dismissal was authorized and binding on client absent showing by client that settlement was unfair or that attorney lacked authority to file stipulation of dismissal).

Palmer has never alleged that the agreement to jointly and voluntarily dismiss all the parties' claims was unfair or procured by fraud. Rather, in the trial court, he contended that he had not consented to the dismissal, that he and his attorney did not communicate well and that he had not seen the joint dismissal. On appeal, Palmer suggests that his attorney's poor health might explain his actions in filing the dismissal without Palmer's consent, but himself admits that this would not amount to fraud. Palmer has wholly failed to demonstrate any reason why the joint dismissal should be invalidated.

The filing of the joint dismissal was valid and ended this case. Therefore, the trial court was correct to conclude that it had no jurisdiction to act after the joint dismissal was filed. Because the trial court lacked jurisdiction, we lack jurisdiction on appeal. The Bank's motion to dismiss is granted, and the appeal is dismissed.[3] The Bank's motion for damages under Rule 84.19 (2005) for filing a frivolous appeal is denied.

[3] Palmer's appeal also raises an issue relating to certain language in the parties' sales contract relating to the Bank's security interest in Palmer's other aircraft. That issue was ruled on in the court's partial summary judgment entered over two years ago in July of 2002. As the Bank points out in its motion to dismiss, the partial summary judgment is not being appealed—Palmer's notice of appeal and his jurisdictional statement both clearly cite the court's denial of the motion to set aside as the judgment being appealed. And, even assuming that the partial summary judgment was appealable, any appeal at this late date is untimely. *See* Rule 81.04(a).

## III.  CONCLUSION

The appeal is dismissed.

CLIFFORD H. AHRENS and KENNETH M. ROMINES, JJ., concurring.