

# In the Missouri Court of Appeals
# Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| IN THE MATTER OF FORECLOSURE OF | ) | No. ED103962 |
| LIENS FOR DELINQUENT LAND TAXES | ) | |
| BY ACTION IN REM COLLECTOR OF | ) | |
| REVENUE, CITY OF ST. LOUIS, MO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| PARCELS OF LAND ENCUMBERED WITH | ) | |
| DELINQUENT TAX LIENS, | ) | |
|     Defendants, | ) | |
| | ) | |
| MATHEW BRADFORD, | ) | |
|     Appellant, | ) | |
| | ) | Honorable Michael Noble |
|     vs. | ) | |
| | ) | |
| PETER KELLY, | ) | |
| COLLECTOR OF REVENUE, CITY OF | ) | |
| ST. LOUIS, and | ) | Filed: November 8, 2016 |
| SHERIFF, CITY OF ST. LOUIS, | ) | |
|     Respondents. | ) | |

## Introduction

Mathew Bradford ("Bradford") appeals the circuit court's judgment setting aside the default judgment against a parcel of property described as parcel 180-050, located at 2618 Dalton Avenue, St. Louis, Missouri; finding the Sheriff's sale of the property to Bradford null and void; and rendering Bradford's motion to confirm the sale moot. We dismiss this appeal for lack of jurisdiction.

1

<u>Factual and Procedural History</u>

In October 2014, the Collector of Revenue for the City of St. Louis ("the Collector") filed a petition and list of parcels of land encumbered with delinquent taxes. The petition listed parcels of real estate which, on January 1, 2014, were delinquent in the payment of taxes to the City of St. Louis for a period of two years or more. Included in the list of delinquent parcels was real property described as parcel 180-050, located at 2618 Dalton Avenue, St. Louis, Missouri ("the property").[1] The petition listed Robert L. Kelly ("Robert Kelly") as the last named owner of record of the property, and it listed the property as his mailing address. However, Robert Kelly died in March 2013 and, at the time the petition was filed, he was deceased and ownership of the property had vested in his heirs.

After the petition was filed, the Collector caused notice of filing of the petition to be published, and notice was also mailed to Robert Kelly's address on Dalton Avenue. Upon default, the circuit court entered a judgment of foreclosure against the property ("default judgment"). The court directed the property to be sold by the Sheriff of the City of St. Louis to satisfy the tax lien. Thereafter, Bradford purchased the property at the Sheriff's tax foreclosure sale. Bradford subsequently filed a motion to confirm the land tax sale.

Prior to the confirmation hearing, Peter Kelly ("Kelly"), the son of the deceased Robert Kelly, learned of the foreclosure sale and filed a motion to intervene, which the court granted. Then, Kelly filed a motion to set aside judgment of foreclosure, arguing, *inter alia*, that neither Kelly nor the heirs of Robert Kelly received notice of the land tax suit, the intended sale, or the right to redeem the property.

---

[1] At the time the Collector filed the lawsuit to foreclose the tax lien, only one year of taxes, tax year 2013, was owed on the property.

On January 7, 2016, the circuit court held a hearing on the motion to set aside. At the hearing, Kelly testified as follows: After Robert Kelly's death, the family hired an attorney to open a probate estate and take care of the property not in trust. When Kelly realized the attorney was not adequately handling the property, he went online to the Collector's website and learned there was one year of taxes owed on the property. However, the Collector's website provided, "A tax suit is filed when unpaid taxes are delinquent for three years. The tax sale occurs approximately one year after the suit is filed." Kelly attempted to pay the taxes online but was unable to do so. Then, Kelly went to the Collector's office where he was told the property had been sold. Kelly testified neither he nor the heirs of Robert Kelly received notice of the land tax suit or the intended sale of the property. Kelly testified they stood ready, willing, and able to pay any delinquent tax amounts.

The court took the motion under submission and scheduled the confirmation hearing for a later date. On January 13, 2016, the circuit court entered judgment setting aside the default judgment, finding the Sheriff's sale null and void, and rendering the motion to confirm the sale moot. The court concluded the heirs exhibited due diligence in handling the affairs of Robert Kelly by hiring an estate attorney and conducting their own investigation. The court found the heirs reasonably relied on the Collector's website, which provided that a tax suit would only be filed when unpaid taxes were delinquent for three years. The court found the heirs did not receive notice of the lawsuit, the intended sale, or the right to redeem the property. Further, the court concluded the heirs stood ready, willing, and able to immediately pay outstanding tax obligations, interest, penalties, and cost of suit to satisfy the obligations.

Bradford filed a motion to reconsider or, in the alternative, to set bond amount for appeal. The court denied the motion. On February 1, 2016, Bradford filed a notice of appeal. On February 26, 2016, the Collector dismissed with prejudice its action against the property.

Discussion

As a preliminary matter, we must address whether this Court has jurisdiction to hear the appeal. Kelly challenges our jurisdiction on appeal, arguing that (1) the circuit court's judgment setting aside the default judgment was neither final and appealable nor was it certified for appeal pursuant to Rule 74.01(b),[2] and (2) when the Collector filed its dismissal with prejudice, the circuit court and, therefore, this Court lost jurisdiction over the matter. We agree with both arguments.

In order for this Court to have jurisdiction, there must be a final and appealable judgment. *Acclaim Systems, Inc. v. Lohutko*, 247 S.W.3d 601, 603 (Mo. App. E.D. 2008). A decision of a circuit court is "final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination." *Bellon Wrecking & Salvage v. Dave Orf, Inc.*, 956 S.W.2d 437, 438 (Mo. App. E.D. 1997) (internal citation omitted). However, Rule 74.01(b) provides an exception to the finality rule, "permitting a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and certify its judgment as appealable upon an express determination there is 'no just reason for delay.'" *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo. App. E.D. 2008); *Davis v. Howe*, 144 S.W.3d 899, 902 (Mo. App. E.D. 2004).

The circuit court's judgment setting aside the default judgment did not dispose of all the issues between the parties. Rather, the judgment only rendered the Sheriff's sale null and void, and mooted Bradford's motion to confirm the sale. This essentially placed the parties in the exact

---

[2] All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

4

position they were in prior to the circuit court entering the default judgment. Thus, the Collector's underlying land tax suit was still before the circuit court and had yet to be adjudicated. Moreover, the circuit court's judgment did not find, expressly or otherwise, that there was "no just reason for delay" as required by Rule 74.01(b). Therefore, the circuit court's judgment was neither final nor certified, and we are without jurisdiction to consider the appeal.

Notwithstanding our conclusion above, we find this Court lost jurisdiction over this matter when the Collector filed its dismissal with prejudice. Our jurisdiction derives from that of the circuit court. *Stearns Bank N.A. v. Palmer*, 182 S.W.3d 624, 626 (Mo. App. E.D. 2005). "If the circuit court does not have jurisdiction, then we do not acquire jurisdiction except to dismiss the appeal." *Id.*

Under Rule 67.02(a)(2), "a civil action may be dismissed by the plaintiff without order of the court anytime . . . [i]n cases tried without a jury, prior to the introduction of evidence at the trial." In this case, the Collector was entitled to voluntarily dismiss the land tax suit with prejudice pursuant to Rule 67.02(a)(2). The circuit court's order setting aside the default judgment effectively put the parties back in the exact position they were in prior to the circuit court entering the default judgment. Thus, the Collector's voluntary dismissal was filed before the introduction of evidence at trial and expressly applied to the dismissal with prejudice of all claims. "Once all such claims have been so dismissed, the case is over and nothing remains before the [circuit] court upon which it can act." *Samland v. J. White Transp. Co., Inc.*, 675 S.W.2d 92, 97 (Mo. App. W.D. 1984); *Stearns Bank N.A.*, 182 S.W.3d at 626. Therefore, the circuit court lost jurisdiction on February 26, 2016, the date the Collector filed the voluntary dismissal. *See Freeman v. Leader Nat'l Ins. Co.*, 58 S.W.3d 590, 595 (Mo. App. E.D. 2001). Accordingly, because the circuit court lacks jurisdiction, we too lack jurisdiction on appeal.

In Bradford's response to Kelly's motion to dismiss, he asserts section 92.845[3] authorizes this Court to entertain his appeal. Section 92.845 provides, in pertinent part: "The collector or *any interested person* or anyone on behalf of any disabled person as defined in chapter 475, RSMo, *may appeal from the judgment* confirming or *disapproving the sheriff's sale* and the distribution made thereafter . . . ." (emphasis added). Bradford argues he is the tax sale purchaser and, thus, is an "interested person." On this point, we agree. However, Bradford further argues he has a right to appeal the circuit court's judgment setting aside the default judgment because it "disapproves" the sheriff's sale. We find this argument is without merit.

In order to understand the plain meaning of "disapproving the sheriff's sale," we must look to section 92.840, a corollary statute to section 92.845 within the Municipal Land Reutilization Law for the City of St. Louis. Section 92.840.1 provides that after the Sheriff sells a parcel of property, the court shall set a hearing to confirm the foreclosure sale of the real estate. Section 92.840.2 provides, in pertinent, that *at the confirmation hearing*

> [I]f the court finds that adequate consideration has been paid, he shall confirm the sale . . . . If the court finds that the consideration paid is inadequate, the purchaser may increase his bid to such amount as the court may deem to be adequate, whereupon the court may confirm the sale. If, however, the purchaser declines to increase his bid and make such additional payment, then *the sale shall be disapproved* . . . .

In this case, the court did not disapprove the Sheriff's sale because the court never held a confirmation hearing at which it found the consideration paid by Bradford was inadequate. While the court held a hearing on January 7, 2016, the hearing was limited to Kelly's motion to set aside, and the court only heard testimony from Kelly. Moreover, at the end of the hearing, the court stated, "Earlier I said we are going to move into the confirmation. But that, to me, seems premature . . . . [I]f I am going to set it aside, then I won't need to do confirmation. If I am going

---

[3] All further statutory references are to RSMo 2000, unless otherwise indicated.

to confirm it, then we will do it at that time . . . ." The court took Kelly's motion under submission and set the confirmation hearing for a later date. Accordingly, we find the court's judgment setting aside the default judgment is not a judgment "disapproving the sheriff's sale," and thus this appeal is not authorized by section 92.845.

## Conclusion

Therefore, we dismiss this appeal based on lack of jurisdiction.

_____
Angela T. Quigless, P.J.

Robert G. Dowd, Jr., J., and
Lisa S. Van Amburg, J., Concur.

7