In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

HAROLD BARNETT, ) No. ED109008
 )
 Respondent, )
 )
vs. )
 ) Appeal from the Circuit Court
COLUMBIA MAINTENANCE ) of the City of St. Louis
COMPANY, et al., )
 )
 Respondents, )
 ) Honorable Christopher McGraugh
AMCO INSURANCE COMPANY )
and )
DEPOSITORS INSURANCE )
COMPANY )
 )
 Appellants. ) Filed: June 29, 2021

 AMCO Insurance Company and Depositors Insurance Company (collectively “Insurers”)

appeal the circuit court’s order denying their motion to intervene in a proceeding to confirm an

arbitration award. Insurers sought to contest confirmation of the award, which was entered in

favor of Harold Barnett and against Insurers’ policy holders. Finding that the circuit court did

not err, and that certain of Insurers’ points are not properly before this Court, we affirm.

 Factual and Procedural Background

 Terminated from his job, Barnett sued his employer, Columbia Maintenance Company,

and William Hausman, the president and sole owner of Columbia Maintenance Company

(collectively “Defendants”), alleging violations of the Missouri Human Rights Act, as well as
negligent infliction of emotional distress (“MHRA Action”). Insurers, who had issued

commercial general liability and umbrella polices to Defendants, denied coverage and refused to

defend Defendants. Insurers then filed a declaratory judgment action in federal court, seeking a

declaration that under the terms, conditions, and exclusions of Defendants’ policies, Insurers had

no duty to defend or to indemnify Defendants against Barnett’s MHRA Action.

 After Insurers denied coverage and refused to defend Defendants, Barnett and Defendants

entered into a contract pursuant to Section 537.065, which in part limited recovery to insurance

proceeds (“537 Agreement”). Barnett notified Insurers of this contract on August 13, 2019. Five

days later, Insurers moved to intervene in the MHRA Action. The circuit court granted

intervention, and requested that the parties file memorandums concerning the extent to which

Insurers could conduct discovery and participate in trial. After receiving those memorandum,

the circuit court issued an order, dated October 4, 2019, in which the court stated that Insurers

“must accept this lawsuit as they find it at the time of their intervention,” and then ordered that

Insurers “have the same rights and responsibilities as any other party to this litigation, which

includes conducting discovery and participating in trial” (“October 2019 Order”).

 Barnett dismissed the MHRA Action, without prejudice, on January 30, 2020, and

proceeded to binding arbitration with Defendants. Insurers were extended invitations to

participate in that arbitration, but declined to do so. The arbitrator issued his award on April 29,

2020, in favor of Barnett and against Defendants in the total amount of $11,437,009.90

(“Arbitration Award”). The arbitrator described Defendants’ actions as “one of the most

egregious and blatant Missouri Human Rights case violations” that the arbitrator had ever seen.

Barnett filed his application to confirm the award with the circuit court on May 1, 2020

 2
(“Confirmation Proceeding”). Defendants responded, stating they had no objection to judgment

being entered on the award.

 Insurers moved to intervene in the Confirmation Proceeding on May 8, 2020. Insurers

sought to intervene both as of right and by permissive intervention, pursuant to Rule 52.12, to

contest confirmation of the Arbitration Award (“Motion to Intervene”). They also filed a motion

to deny and/or dismiss the application for approval of the Arbitration Award on May 19, 2020

(“Motion to Dismiss”). The circuit court denied Insurers’ Motion to Intervene.

 Insurers now advance nine points on appeal, alleging the circuit court erred in denying

intervention, and in denying or implicitly denying their Motion to Dismiss. We address each

point, but note that the issues raised by Insurers have largely been decided by Britt v. Otto, 577

S.W.3d 133 (Mo. App. W.D. 2019), Aguilar v. GEICO Cas. Co., 588 S.W.3d 195 (Mo. App.

W.D. 2019), and this Court’s recent decision, Loveland v. Austin, ED108859, 2021 WL1374010

(Mo. App. E.D. April 13, 2021).

 Discussion

Points I and II: Intervention of Right

 In their first two points on appeal, Insurers allege the circuit court misapplied Rule

52.12(a) in denying their Motion to Intervene in the Confirmation Proceedings as a matter of

right.1 Rule 52.12(a) states:

 Intervention of Right. Upon timely application anyone shall be permitted to
 intervene in an action: (1) when a statute of this state confers an unconditional
 right to intervene or (2) when the applicant claims an interest relating to the
 property or transaction that is the subject of the action and the applicant is so
 situated that the disposition of the action may as a practical matter impair or
 impede the applicant’s ability to protect that interest, unless the applicant’s
 interest is adequately represented by existing parties.

1
 For clarity, we address Points I and II out of order.

 3
Insurers claim a right to intervention pursuant to Rule 52.12(a)(1) because an unconditional right

to do so is conferred by Section 537.065.2. Insurers claim a right to intervene pursuant to Rule

52.12(a)(2) because they had an interest in the Confirmation Proceeding and were so situated

that disposition of the Confirmation Proceeding impaired or impeded their ability to protect their

interests, which were not represented by the existing parties.

 We address each claim in turn. In reviewing the circuit court’s denial of intervention as

of right, we consider the facts in the light most favorable to the court’s judgment.” Britt, 577

S.W.3d at 136 n.3 (internal quotation omitted). We will affirm the circuit court’s decision unless

there is no substantial evidence to support it, it is against the weight of the evidence, or it

erroneously declares or applies the law. State ex rel. Koster v. ConocoPhillips Co., 493 S.W.3d

397, 403 (Mo. banc 2016); see also Britt, 577 S.W.3d at 139.

Intervention as a Matter of Right Pursuant to Rule 52.12(a)(1)

 Insurers claim they were entitled to intervene in the Confirmation Proceeding as a matter

of right pursuant to Rule 52.12(a)(1) because Section 537.065.2 conferred the unconditional right

to do so. Section 537.065.1 allows any person with an unliquidated claim for damages to enter

into a contract with a tortfeasor to limit the tort-feasor’s liability for a judgment to specified

assets, including insurance contracts. Britt, 577 S.W.3d at 140; see also, Schmitz v. Great Am.

Assurance Co., 337 S.W.3d 700, 709 (Mo. banc 2011). The right to enter into a section

537.065.1 contract limiting the tort-feasor’s liability to an insurance contract is conditioned on

the tort-feasor’s insurer being afforded the opportunity to defend the tort-feasor and refusing to

do so without reservation. Britt, 577 S.W.3d at 140. Section 537.065.2 then describes when a

judgment can be entered against a tort-feasor who has entered into a Section 537.065.1 contract:

 Before a judgment may be entered against any tort-feasor after such tort-feasor
 has entered into a contract under this section, the insurer or insurers shall be

 4
 provided with written notice of the execution of the contract and shall have thirty
 days after receipt of such notice to intervene as a matter of right in any pending
 lawsuit involving the claim for damages.

(Emphasis added).

 Insurers claim this statutory right to intervene applies to the Confirmation Proceeding. In

essence, Insurers seek to expand the statutory language to mean insurers have thirty days to

intervene after receiving notice of a confirmation proceeding. This same argument was rejected

in Aguilar, Britt, and Loveland.

 Any time this Court is called upon to apply a statute, our primary obligation is to

ascertain the intent of the legislature from the language used, and to give effect to that intent if

possible. Hixson v. Missouri State Highway Patrol, 611 S.W.3d 923, 926 (Mo. App. E.D. 2020).

We do so by considering the words used in their plain and ordinary meaning. Id. We examine

the language used by the legislature, and do not supply what the legislature has omitted by

engrafting additional language into the statute. Missouri State Conference of Nat’l Ass’n for the

Advancement of Colored People v. State, 607 S.W.3d 728, 733 (Mo. banc 2020). “In statutory

construction, courts must give effect to the statute as written and cannot add provisions which do

not appear either explicitly or by implication.” Garza v. Valley Crest Landscape Maint., Inc.,

224 S.W.3d 61, 64 (Mo. App. W.D. 2007)).

 From examining the plain and ordinary language of Section 537.065.2, it is clear the

statute only allows an insurer to intervene as a matter of right provided the insurer files its

motion to intervene within thirty days after receiving notice of an agreement executed pursuant

to Section 537.065.1. Barnett provided the required notice of the 537 Agreement to Insurers on

August 13, 2019. Though Insurers timely filed a motion to intervene in the MHRA Action that

was pending at the time, that action was voluntarily dismissed, and Barnett and Defendants

 5
proceeded to arbitration. Barnett filed his application to confirm the arbitration award on May 1,

2020. Insurers filed their Motion to Intervene in the Confirmation Proceeding seven days later,

on May 8, 2020. Though filed days after commencement of the Confirmation Proceeding,

Insurers’ motion was nonetheless filed almost nine months after notice of the 537 Agreement -

far outside the statute’s thirty-day limit. Insurers did not file their Motion to Intervene within

thirty days of receipt of written notice of the 537 Agreement, and thus Insurers’ motion was

untimely.

 Even assuming the Confirmation Proceeding qualified as a “pending lawsuit involving

the claim for damages” (an issue we need not decide), it was not pending during the thirty-day

time period after Barnett gave written notice of the 537 Agreement to Insurers. Thus applying

Section 537.065.2 as written, without adding provisions, the right to intervene granted under

Section 537.065.2 cannot extend to the Confirmation Proceeding because it was not pending in

the thirty-day time period after Insurers received notice of the 537 Agreement. The plain and

ordinary language of Section 537.065.2 constrains the exercise of the right to intervene granted

under that subsection to “any pending lawsuit” within the thirty-day time period after an insurer

receives notice of an agreement made pursuant to Section 537.065.1. Whatever right to

intervene that Insurers were granted under Section 537.065.2 had expired by the time the

Confirmation Proceeding commenced. In sum, the plain and unambiguous language of Section

537.065.2 did not afford Insurers the right to intervene as of right in the Confirmation

Proceeding. Aguilar, 588 S.W.3d at 199. As we stated in Loveland, “[s]hould the General

Assembly desire to enlarge the right of an insurance company to intervene in a lawsuit or other

proceeding involving one of its insureds, it is certainly free to do so.”

 6
 Insurers on appeal acknowledge that their Motion to Intervene in the Confirmation

Proceeding was filed more than thirty days after they received notice of the 537 Agreement, and

that the Confirmation Proceeding was not pending at that time. Nonetheless, they argue their

motion should not have been denied on this basis because of their successful and timely prior

intervention, and the purported confirmation of their rights, in the MHRA Action to defend

against Barnett’s claims for liability and damages. Insurers argue that by virtue of these

occurrences, they possessed a vested and acknowledged interest in contesting the arbitration

award as a confirmed judgment, regardless of the fact that the Confirmation Proceeding was filed

more than thirty days after they were provided notice of the 537 Agreement. They note they

immediately moved to intervene in the Confirmation Proceeding – within thirty days of Barnett’s

confirmation application – and thus contend the circuit court should have granted their Motion to

Intervene.

 Insurers are mistaken. Insurers seek intervention beyond the statutory thirty-day time

period. The plain and ordinary language of Section 537.065.2 does not support such a premise.

Section 537.065.2 affords a limited right, to be exercised within thirty days of notice. Further,

Insurers argue that by timely intervening in MHRA Action and securing the October 2019 Order,

their interests in the Arbitration Award and future judgment became vested, and thus they

possessed an existing right at the time of the Confirmation Proceedings. Insurers cite no

authority for this proposition. Moreover, it does not matter that Insurers’ motion to intervene in

the MHRA Action was granted, as that case was voluntarily dismissed without prejudice. Once

a plaintiff has voluntarily dismissed an action, it is as if the suit had never been filed. State ex

rel. Frets v. Moore, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (internal citations omitted).

 7
 The circuit court did not err in denying Insurers’ Motion to Intervene in the Confirmation

Proceeding as a matter of right pursuant to Rule 52.12(a)(1), as Section 537.065.2 did not confer

upon Insurers the unconditional right to do so in this case. We deny Point II.

Intervention as a Matter of Right Pursuant to Rule 52.12(a)(2)

 Insurers argue Rule 52.12(a)(2) required the circuit court to grant their motion to

intervene because they claimed an interest in the Confirmation Proceeding and were so situated

that the disposition of the Confirmation Proceeding impaired or impeded their ability to protect

their interests, which were not represented by the existing parties.

 Again, a movant may intervene in an action as a matter of right upon timely application

pursuant to Rule 52.12(a)(2) when three requirements are met: (1) the movant claims an interest

relating to the property or transaction that is the subject of the action; (2) the movant’s ability to

protect the interest is impaired or impeded; and (3) the existing parties are inadequately

representing the movant’s interest. Britt, 577 S.W.3d at 142. Insurers, as movant and proposed

intervenor, bore the burden of establishing each of the requirements for intervention. Id. If all

three requirements are satisfied, the right to intervention is absolute. State ex rel. Nixon v. Am.

Tobacco Co., 34 S.W.3d 122, 127 (Mo. banc 2000); Britt, 577 S.W.3d at 142. But if any one of

the requirements is not established, the motion to intervene may be denied. Britt, 577 S.W.3d at

142. Here, Insurers did not demonstrate the first requirement. Insurers claimed interests arising

from three sources – the 537 agreement, the October 2019 Order, and a conclusion of law in the

Arbitration Agreement. None of these are sufficient.2

 Insurers first claimed an interest in the Confirmation Proceedings arising from the 537

Agreement. Insurers argue once Barnett and Defendants entered into that agreement, Defendants

2
 Because Insurers did not establish the first of three requirements, their motion necessarily must fail, and we do not
discuss the other two requirements. See Aguilar, 588 S.W.3d at 200.

 8
had no incentive to defend against Barnett’s claims. Insurers contend they possessed sufficient

interests in the determination of Defendants’ liability and in preventing an uncontested judgment

against Defendants to support their intervention as a matter of right. Our Court has addressed

and rejected almost this exact argument in Britt, Aguilar, and Loveland.

 The first requirement of Rule 51.12(a)(2) necessitates there be an interest in the property

or transaction. For purposes of intervention as a matter of right, a movant’s interest “must be a

direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or

prayed by one of the parties to the original action.” Britt, 577 S.W.3d at 142 (internal quotations

and citations omitted). “An interest necessary for intervention as a matter of right does not

include a mere, consequential, remote or conjectural possibility of being affected as a result of

the action, but must be a direct claim upon the subject matter such that the intervenor will either

gain or lose by direct operation of judgment.” Id.

 “Missouri courts have long held that the liability of an insurer as potential indemnitor of

the judgment does not constitute a direct interest in such a judgment so as to implicate

intervention as of right in that action.” Britt, 577 S.W.3d at 142 (internal quotations omitted);

see also Aguilar, 588 S.W.3d at 200; Loveland, 2021 WL1374010 at *4. “This is because the

insurer does not either gain or lose from the direct operation of that judgment.” Id. An action to

confirm an arbitration award is not an action to compel Insurers to pay the award, it only seeks to

reduce the award to a judgment. Britt, 577 S.W.3d at 144. “[T]he insurer has a forum by

declaratory judgment action or in the action to compel indemnity for the judgment that affords

the insurer full scope to protect its interests against the contention of coverage, and hence

liability for the judgment.” Id. at 142 (internal quotations omitted). In other words, “in the third

party liability claim context, the insurance carrier has no right to intervene in litigation between

 9
its policyholder and the third party; the carrier can participate in the litigation only pursuant to its

contractual obligation to defend the policyholder.” Id. Insurers will have their day in court upon

the question of its liability, but it was not at the Confirmation Proceeding. Britt, 577 S.W.3d at

144; see also Aguilar, 588 S.W.3d at 200-201; Loveland, 2021 WL1374010 at *4-5. Insurers

have no interest stemming from the 537 Agreement that would support intervention as a matter

of right pursuant to Rule 52.12(a)(2).

 Insurers next claimed an interest in the Confirmation Proceedings arising from the

October 2019 Order. They note they successfully intervened in the MHRA Action, and that the

circuit court ordered that they had the “same rights and responsibilities as any other party” to the

litigation, which included conducting discovery and participating in trial as warranted. Insurers

thus argue they clearly possessed interests in enforcing their rights acknowledged by the October

2019 order.

 We hold Insurers had no interest stemming from the October 2019 Order. That order was

correctly entered in the underlying MHRA Action. Barnett voluntarily dismissed that action

without prejudice on January 30, 2020, before the Confirmation Proceeding. Once a plaintiff has

voluntarily dismissed an action, it is as if the suit had never been filed. State ex rel. Frets v.

Moore, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009). Consequently, orders in dismissed actions

have no affect. Insurers cite no authority for their proposition that an order from a dismissed

case binds the court in a future proceeding.

 Lastly, at oral arguments before this Court, Insurers argued they have a direct interest in

the case by virtue of a conclusion of law in the Arbitration Award that states Insurers “were

given an opportunity to fully participate in this hearing by consent of the parties under

reasonable and understandable conditions and failed to do so.” Insurers state this interest is over

 10
and above the issue of their financial liability, and complain that a conclusion of law was entered

against them without the opportunity of being heard. Insurers contend this conclusion is binding

on them, and that it will be used against them in the garnishment proceeding as evidence of their

bad faith.

 Insurers raised this argument for the first time on appeal. Insurers did not include this

contention in their Motion to Intervene. As such, this argument is not properly before this Court.

An issue raised for the first time on appeal and not presented to or decided by the circuit court is

not preserved for appellate review. McCullough v. Commerce Bank, 349 S.W.3d 389, 395 (Mo.

App. W.D. 2011). An argument cannot be refined on appeal. Even had Insurers properly

preserved this argument, we are not persuaded this conclusion will have any prejudicial effect in

future actions. Though termed a conclusion of law, it really is just a statement of facts.

Moreover, it is clear Insurers were not a party to the Arbitration Award or the judgment

confirming that award.

 We hold Insurers did not establish they had the requisite interest relating to the property

or transaction which was the subject of the Confirmation Proceeding.3 The circuit court

3
 We acknowledge that the Western District stated in Knight that “[b]y enacting new §537.065.2, the General
Assembly necessarily rejected the judge-made rule that liability insurance carriers lack any direct interest in tort
litigation against their insureds.” Knight by and Through Knight v. Knight, 609 S.W.3d 813, 819 (Mo. App. W.D.
2020). However, we reaffirm our explanation from our recent Loveland decision, wherein we stated:
 … to the extent Knight recognizes more than a limited statutory right of an insurer to intervene in
 any pending lawsuit involving a claim for damages against its insured within thirty (30) days after
 receiving the notice required under Section 537.065.2, we reject any such expansion of that
 limited statutory right because it not only conflicts with the principle of statutory construction that
 “courts must give effect to the statute as written and cannot add provisions which do not appear
 either explicitly or by implication,” id. at 823 (quoting Garza v. Valley Crest Landscape Maint.,
 Inc., 224 S.W.3d 61, 64 (Mo. App. E.D. 2007)), but also conflicts with prior Western District
 precedent, Britt and Aguilar, each of which were also decided after the August 2017 amendment
 of Section 537.065.2, which provided the new limited statutory right to intervene. Section
 537.065.2 (“a statute of this state”) clearly provides a “right to intervene” such that intervention is
 allowed under either Rule 52.12(a)(1)(if “an unconditional right to intervene” exists) or Rule
 52.12(b)(1) (if “a conditional right to intervene” exists). Section 537.065.2 explicitly provides a
 statutory right to intervene (matching either Rule 52.12(a)(1) or Rule 52.12(b)(1)), but does not
 explicitly or implicitly establish that insurers have “an interest relating to the property or
 transaction that is the subject of” actions involving tort claims where the insurer has denied

 11
therefore did not err in denying Insurers’ Motion to Intervene as a right under Rule 52.12(a)(2).

We deny Point I.

Point III: Permissive Intervention

 Next, Insurers allege the circuit court abused its discretion in denying permissive

intervention. Though the circuit court’s order denying permissive intervention under Rule

52.12(b) is not a final judgment, we nonetheless review the circuit court’s denial for abuse of

discretion.4 Breitenfeld v. Sch. Dist. of Clayton, 399 S.W.3d 816, 837 (Mo. banc 2013); Britt,

577 S.W.3d at 145.

 Rule 52.12(b) permits intervention in three instances, only two of which are relevant

here: (1) “when a statute of this state confers a conditional right to intervene;” and (2) “when an

applicant’s claim or defense and the main action have a question of law or fact in common.”5

 coverage and an agreement has been executed pursuant to Section 537.065.1. See Rule
 52.12(a)(2); see also infra Point I and II for further explanation of why we do not determine
 whether the statutory right to intervene granted by Section 537.065.2 is unconditional or
 conditional. Thus, we recognize that the new statutory right to intervene under Section 537.065.2
 is limited to its express terms, and will not read any more into the statute than is written. We
 therefore disagree with the premise of the specific reasoning in Knight that, by enacting Section
 537.065.2, “the General Assembly necessarily rejected the judge-made rule that liability insurance
 carriers lack any direct interest in tort litigation against their insureds,” and decline to adopt that
 rationale or follow it in this case. 609 S.W.3d at 819.
Loveland, ED108859, 2021 WL1374010, *4 n.7. Further, the Western District’s statement was made in the context
of the Court’s analysis of standing to appeal. There is nothing in Knight that suggests or implies that Aguilar and
Britt should no longer be followed.
4 A circuit court order denying a motion to intervene under Rule 52.12(b), permissive intervention, is not a final
judgment and therefore not reviewable on appeal. Aguilar, 588 S.W.3d at 201 (citing BMO Harris Bank v. Hawes
Trust Invs., LLC, 492 S.W.3d 607, 615 (Mo. App. W.D. 2016). The Supreme Court of Missouri has explained that
“‘[t]he permissive nature of such intervention necessarily implies that, if intervention is denied, the applicant is not
legally bound or prejudiced by any judgment that might be entered in the case.’” State ex rel. Reser v. Martin, 576
S.W.2d 289, 290 (Mo. banc 1978) (quoting Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S.
519, 524 (1947)); Aguilar, 588 S.W.3d at 201. The applicant “‘is at liberty to assert and protect his interests in some
more appropriate proceeding. Id. “‘Having no adverse effect upon the applicant, the order denying intervention
accordingly falls below the level of appealability.’” Id. However, courts in other cases involving the denial of
permissive intervention have reviewed for abuse of discretion. See, e.g., Britt, 577 S.W.3d at 145; Loveland, 2021
WL1374010 at *7; Breitenfeld v. Sch. Dist. of Clayton, 399 S.W.3d 816, 837 (Mo. banc 2013). Therefore, we will
consider Insurers’ point regarding permissive intervention on the merits, and review for abuse of discretion.
5
 Rule 52.12(b) also permits intervention “when the validity of a statute, regulation or constitutional provision of this
state, or an ordinance or regulation of a governmental subdivision thereof, affecting the public interest, is drawn in
question in any action to which the state or governmental subdivision or an officer, agency or employee thereof is
not a party, the court may in its discretion notify the chief legal officer of the state or governmental subdivision

 12
 Insurers contend permissive intervention was warranted under Rule 52.12(b)(1) because

Section 537.065.2 provided them a conditional right to intervene. In light of our denial of Point

II – holding that Section 537.065.2 did not confer upon Insurers the unconditional right to

intervene as of right in the Confirmation Proceeding – this contention likewise fails.

 Insurers argue permissive intervention was warranted under Rule 52.12(b)(2) because

their objections to confirmation of the Arbitration Award presented plain questions of law and

fact in common with Barnett’s application for confirmation of that award.

 Simply comparing Insurers’ Motion to Intervene to Barnett’s application reveals that

Insurers’ motion did not present a question of law or fact in common with the issues presented

by Barnett. Barnett’s application requested the circuit court to confirm the Arbitration Award

and enter judgment against defendants Columbia Maintenance Company and William Hausman.

Defendants had no objection to entry of judgment, and asserted no grounds for vacating,

modifying, or correcting the award.

 In contrast, Insurers in their Motion to Intervene sought to preclude enforcement of the

Arbitration Award. They argued the award was “collusive, invalid, and unenforceable and was

procured by undue means.” They characterized the arbitration proceeding as a “sham,” designed

solely to circumvent the October 2019 Order and to deprive them of statutory and constitutional

rights. They contended the amount of the Arbitration Award was wholly unsupported by the

evidence. They asserted claims of collusion against Barnett and Defendants, and argued issues

of law that were not otherwise present in the Confirmation Proceeding.

 Insurers did not and do not show how the facts or law underlying these matters are shared

with the issues presented to the circuit court in Barnett’s application to confirm the Arbitration

thereof, and the state or governmental subdivision may in the discretion of the court be permitted to intervene, upon
proper application.”

 13
Award. Insurers want to challenge the validity of the Arbitration Agreement and the

enforceability of the Arbitration Award. The parties to the Arbitration Agreement, however,

were not required under Section 435.400 to litigate the validity of the arbitration agreement or to

prove to the court that it was enforceable when seeking to confirm the award. Aguilar, 588

S.W.3d at 202. Because the circuit court here was asked to confirm the award, and no grounds

were urged by the parties to the arbitration for vacating, modifying, or correcting the award,

neither the validity nor the enforceability of the award was at issue. Id. Further, because no

application was filed to vacate the award for undue fraud, questions of law and fact pertaining to

the circumstances under which the parties entered the agreement were similarly not at issue. Id.

 Though Insurers accuse Barnett and Defendants of collusion and fraud, their accusations

are conclusory. We see no evidence in the record to support their accusations. All parties, upon

Insurers denying coverage, proceeded according to their statutory rights. Insurers filed a

declaratory judgment in federal court to determine coverage. Barnett and Defendants entered

into the 537 Agreement, and Barnett gave notice of that agreement to Insurers, as required.

Barnett was well within his rights to dismiss his case and proceed to arbitration. Proceeding

according to ones’ rights is not collusion, as Insurers would have us believe.

 To conclude, we hold Section 537.065.2 did not confer insurers a conditional right to

intervene, and the insurers’ motion did not present questions of law or fact in common with those

in the Confirmation Proceeding, such that Insurers could permissively intervene pursuant to Rule

52.12(b). Furthermore, in denying permissive intervention, the circuit court was entitled to

consider that Insurers declined an invitation to participate in the arbitration proceeding. Britt,

 14
577 S.W.3d at 145-46. The circuit court did not abuse its discretion in denying permissive

intervention. We deny Point III.6

Point IV: Constitutional Rights

 Insurers allege the circuit court’s denial of their Motion to Intervene violated their right to

due process of law under the Fifth and Fourteenth Amendments of the United States Constitution

and Article I Section 10 of the Missouri Constitution and deprived them of their constitutional

right to access the courts pursuant to Article I Section 14 of the Missouri Constitution. Insurers

insist they were given no opportunity to be heard on a judgment for which they are now

subjected to garnishment.

 Respondents argue, persuasively so, that this point is not preserved for our review. When

asserting a constitutional claim, a party must “state the facts showing the constitutional

violation.” Mayes v. St. Luke's Hosp. of Kansas City, 430 S.W.3d 260, 266 (Mo. banc 2014);

Aguilar, 588 S.W.3d at 199-200. Insurers did not do so. Insurers’ Motion to Intervene contained

only conclusory statements that denying intervention would impair their constitutional rights.

This is not sufficient. The arguments in Insurers’ Motion to Intervene and their suggestions in

support of that motion are certainly not as developed as those presented now on appeal. “An

attack on the constitutionality of a statute is of such dignity and importance that the record

touching such issues should be fully developed and not raised as an afterthought in a post-trial

motion or on appeal.” Mayes, 430 S.W.3d at 268 (footnote and internal quotations omitted).

 Even if Insurers had properly presented and preserved this issue for appellate review,

relief would not be forthcoming. Insurers’ claim of constitutional deprivations is based upon the

6
 Insurers’ Motion to Intervene also fails because the motion was not “accompanied by a pleading setting forth the
claim or defense for which intervention is sought,” as required by Rule 52.12(c). We cannot convict the circuit
court of error for denying a motion that does not comply with the requirements of the Rules of Civil Procedure. See
State ex rel. Country Mutual Insurance Co. v. May, 620 S.W.3d 96 (Mo. banc 2021)(Wilson, J., concurring); Nast
by and through Freeman v. Gateway Ambulance Service, LLC, 502 S.W.3d 653, 656 (Mo. App. E.D. 2016).

 15
premise that they must have the opportunity to be heard and to defend their interests related to

Barnett’s claim against Defendants. Insurers ignore two simple facts. First, they had the

opportunity to participate and defend their interests when they had the chance to defend

Defendants as the issuer of Defendants’ policy. Instead, Insurers chose to deny coverage to

Defendants, and refused to defend them against Barnett’s claim. Further, Insurers declined the

invitation to fully participate in arbitration. Contrary to their assertions, Insurers had an

opportunity to be heard and to defend themselves against Barnett’s claims. They chose not to.

Second, the appropriate forum for Insurers’ dispute at this point is in the pending declaratory

judgment action and/or the pending garnishment action. Aguilar, 588 S.W.3d at 201; Loveland,

2021 WL1374010 at *5,8. Insurers acknowledge as much, and assert they will seek to dispute

the amount of the judgment and their liability for that judgment in those actions.

 Insurers were not entitled to intervention as a matter or right or permissive intervention in

the Confirmation Proceeding. As such, Insurers have no recognizable interest on which to base

their constitutional claims, and thus those claims necessarily fail. The circuit court did not

violate Insurers’ constitutional rights in denying their Motion to Intervene. Loveland, 2021

WL1374010 at *8; Augspurger v. MFA Oil Co., 940 S.W.2d 934, 938 (Mo. App. W.D. 1997).

We deny Point IV.

Point V: Objection to Confirmation of Arbitration Award

 For their fifth point, Insurers allege the circuit court erred in ruling the Insurers were

unable to object to confirmation of the arbitration award. Insurers allege the circuit court

misapplied the law in that upon being granted intervention, and by the October 2019 Order,

Insurers were entitled to assert the same rights as those held by Defendants, and alternatively,

 16
under Section 537.065, were entitled to assert their own rights, independent of those held by

Defendants. We hold this point is defective and not preserved for our review.

 An appellant’s point relied on defines the scope of appellate review. Moore v. Firstar

Bank, 96 S.W.3d 898, 901 n.4 (Mo. App. S.D. 2003). In framing a point on appeal, an appellant

must “[i]dentify the trial court ruling or action that the appellant challenges.” Rule

84.04(d)(1)(B). Here, Insurers challenge a ruling, described as “unable to object to confirmation

of the arbitration award,” which Insurers say is located on Page 8 of the circuit court’s order

denying Insurer’s Motion to Intervene. Review of the circuit court’s order, and in particular

Page 8 of that order, reveals that the circuit court was ruling on Insurers’ claim for permissive

intervention. There is no separate ruling – or even language stating that Insurers were “unable to

object to confirmation of the arbitration award.” We are unable to review a ruling never made.

 Though we are not obliged to review an argument in the face of a defective and thus

unpreserved point, we have nevertheless briefly reviewed Insurers’ argument under this point.

Insurers appear to be challenging the circuit court’s ruling regarding permissive intervention.

Insurers incorporate by reference their argument set forth in support of Point III, which was the

point challenging the circuit court’s ruling on permissive intervention. Insurers then argue they

had a right to intervene, and that right necessarily means they have the right to not only stand in

the shoes of the Defendants, but also to assert their own independent interests, to contest

confirmation of the arbitration award and defend against Barnett’s allegations. Insurers thus

argue, that because they had these rights, they should have been allowed to permissively

intervene, and accordingly seek reversal, claiming the circuit court misapplied the law in denying

permissive intervention. Insurers’ argument fails because their argument is premised upon their

 17
contention they had a right to intervene. We have already addressed, and rejected, this

contention. We deny Point V.

Points VI, VII, VIII, and IX: Motion to Dismiss

 Insurers, in Points VI, VII, VIII, and IX, allege the circuit court erred in denying or

impliedly denying their Motion to Dismiss and/or Deny Confirmation of the Arbitration Award

and in entering judgment confirming the Arbitration Award. Insurers filed this motion during

the Confirmation Proceeding. Insurers were not a party to the Arbitration Agreement or Award,

and intervention in the Confirmation Proceeding had not been, and was never granted.

 Barnett asserts Insurers conceded during the hearing on their Motion to Intervene that

they had no standing to bring this motion unless the circuit court granted intervention. We agree

with this proposition. However, the hearing on the Motion to Intervene was not recorded or

transcribed. We therefore have no record of what was actually said, argued, or conceded. We

will not presume or infer any purported concession. We can only go on the record before us, and

that record shows the Motion to Dismiss was never noticed up for hearing. Further, the circuit

court did not mention or address the Motion to Dismiss in its order and judgment denying

intervention and confirming the Arbitration Award. The Motion to Dismiss simply was not a

subject of the circuit court’s ruling. Again, an appellant’s point relied on defines the scope of

appellate review. Moore, 96 S.W.3d at 901 n.4. Insurers in these four points allege error in the

denial of their Motion to Dismiss. On the record before this Court, Insurers motion was never

argued to the circuit court and no ruling was made thereon. Since lack of a specific ruling

preserves nothing for review, this Court need not and will not consider a point upon which no

ruling has been made. Holt v. Holt, 780 S.W.2d 156, 157 (Mo. App. S.D. 1989). We therefore

 18
deny, without further discussion, Points VI, VII, VIII, and the portion of Point IX alleging error

in the denial of the Insurers’ Motion to Dismiss.

 Lastly, Insurers also allege in Point IX that the circuit court erred in denying their Motion

to Intervene because the court entered a judgment in the absence of a necessary party. In an

undeveloped argument, Insurers argue they had an absolute and unconditional statutory right to

intervene under Section 537.065.2, and therefore the circuit court lacked discretion to deny their

Motion to Intervene and render judgment without their presence and participate in the action.

This contention fails because Insurers did not have a right to intervene under Section 537.065.2.

We deny Point IX.

 Conclusion

 For the foregoing reasons, we affirm the circuit court’s order denying Insurers’ Motion to

Intervene in the Confirmation Proceeding.

 _______________________________
 Angela T. Quigless, Judge

Kurt S. Odenwald, J., concurs in a separate opinion and
James M. Dowd, J., concurs in a separate opinion.

 19
 In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

HAROLD BARNETT, ) No. ED109008
 )
 Respondent, )
 )
vs. )
 ) Appeal from the Circuit Court
COLUMBIA MAINTENANCE ) of the City of St. Louis
COMPANY, et al., )
 )
 Respondents, )
 ) Honorable Christopher McGraugh
AMCO INSURANCE COMPANY )
and )
DEPOSITORS INSURANCE )
COMPANY )
 )
 Appellants. ) Filed: June 29, 2021

 CONCURRING OPINION

 The majority opinion correctly affirms the circuit court’s Judgment denying the Insurers’

Motion to Intervene in an action seeking confirmation of a multi-million dollar award rendered

following the arbitration of workplace discrimination claims. In so holding, the majority applies

and follows the recent opinions of this Court and those issued in the Western District addressing

the interface of an insurer’s right of intervention granted under Section 537.065, the temporal

limitation of that right to intervene, and the independent and distinct nature of arbitration

proceedings. I write separately to acknowledge some of the concerns raised by the Insurers in
the circuit court litigation and arbitration proceeding, but moreover to again emphasize the role

of the judiciary in following the plain language of the statutes.

 We are often called upon to issue rulings that appear “fair and just” in the face of

legislation that is characterized as unfair and unjust. Acting on such pleas for fairness would

sometimes require this Court to act as policy makers—which we are not. I recognize that the

inequity resulting from a strict adherence to statutory language often adversely impacts the more

vulnerable members of society—those persons having fewer resources to influence legislation,

e.g., consumers, employees, victims of negligence or other torts. In other words, to borrow from

the noted movie character, George Bailey, those everyday people who “do most of the working

and paying and living and dying” in this world. This case presents a contrasting scenario as we

are asked to address the potential for unfairness and injustice perpetrated on Insurers (the alleged

Mr. Potter of this case). And while I may agree that Insurers’ description of the underlying

proceedings suggests a maneuvering that reasonably can be characterized as unfair to them, we

must apply Section 537.065 as written, even if the strict application of the statute seems

inequitable in the context of the arbitration engaged in between the plaintiff and the Insurers’

insureds.

 I need not repeat the litany of judicial authority embodied in the majority opinion, which

accurately tracks the development of the case law addressing recent issues of intervention by an

insurer as provided under Section 537.065, when that intervention must occur, and why the right

of intervention provided under the statute does not apply to a request to intervene in a separate

proceeding initiated to confirm an arbitration award. But the facts presented do give reason to

pause. Were the complaining appellants someone other than Insurers, one might acknowledge

the possibility of systemic unfairness. Here, Insurers refused to provide a defense without a

 2
reservation of rights for their insureds who were sued in circuit court for employment

discrimination under the Missouri Human Rights Act. While the underlying litigation was

pending, Plaintiff and the defendant insureds entered into a Section 537.065 agreement. Insurers

were notified of the agreement, and timely filed their motion to intervene in the underlying

litigation. The trial court granted Insurers’ motion to intervene, and entered an order allowing

Insurers to engage in discovery. Following this development, plaintiff and defendants dismissed

the underlying petition without prejudice. Plaintiff and defendants then agreed to submit

plaintiff’s MHR claim to arbitration.

 Insurers portend an inherent unfairness and potential for collusion exists where the parties

to a Section 537.065 agreement proceed with arbitration and the defendant’s insurers are not

permitted to intervene in the arbitration proceeding. Indeed, Insurers maintain in this appeal that

the arbitration award was the product of an invalid and unenforceable arbitration agreement and

was procured by undue means and collusion. Insurers recite facts that manifest a potential for

unfairness. Insurers did not partake in the arbitration proceedings. In Capraesque fashion, the

Respondents and the majority opinion admonish Insurers for not participating in the underlying

arbitration. But Insurers’ refusal to join the arbitration must be considered in light of the

conditions placed upon Insurers’ participation. Insurers claim they were told that they could

participate in the arbitration proceeding only if Insurers agreed to a binding arbitration

proceeding without any ability to conduct discovery, without any ability to subpoena witnesses,

without any ability to participate in choosing the arbitrator, and without knowledge of the rules

of procedure under which the arbitration would be conducted. Insurers also had to agree that the

 3
proceedings would be “off the record” such that no court reporting would be permitted.1 Lastly,

Insurers were required to submit to arbitration the declaratory judgment action then pending in

federal court as to their liability to the insureds under the policies of insurance. Yes, Insurers

chose not to participate in the arbitration, but only because of the above stated conditions which

Insurers argue limited their ability to effectively engage in the arbitration with the underlying

parties. Insurers vehemently argue that their insureds, the defendants in the underlying

arbitration, lacked the incentive to engage in discovery or defend against plaintiff’s claims in the

arbitration since plaintiff’s recovery of any arbitration award was limited to the proceeds of the

insureds’ policies of insurance with Insurers. The arbitrator in the proceeding made a

“Conclusion of Law” that the Insurers “were given an opportunity to fully participate in this

hearing by consent of the parties under reasonable and understandable conditions and failed to do

so.” The “reasonableness” of said the conditions is decidedly debatable. Such conditions are

unequivocally beneficial to the underlying plaintiff, and to the defendants seeking a resolution to

plaintiff’s claims without personal risk. But any objectively reasonable individual can appreciate

the Insurers’ concerns over such restrictions, especially in light of the requirement that Insurers

abandon their declaratory judgment action in a federal court where their constitutional rights of

advocacy were protected and the litigation process was fully transparent. The arbitrator further

commented in the award that this matter was one of the most egregious and blatant Missouri

Human Rights case violations the arbitrator has seen and that the defendants were vigorously

defended by their attorney during the arbitration hearing. I do not question the integrity of the

arbitrator. But the lack of a record of the arbitration hearing provides no basis by which such

1
 Missouri law condemns as unconscionable arbitration agreements which limit the selection process of the
arbitrator. See State ex rel. Hewitt v. Kerr, 461 S.W.3d 798, 813 (Mo. banc 2015) (citing State ex rel. Vincent v.
Schneider, 194 S.W.3d 853, 859 (Mo. banc 2006)).

 4
subjective opinions can be reviewed and undermines the integrity of the process. Moreover, the

lack of any witnesses called on behalf of the defendants provides fuel for Insurers’ argument that

the deal was done once plaintiff dismissed the lawsuit and the parties embarked on arbitration.

 While Insurers argue that the process was collusive and undermined their rights, the

majority opinion properly notes that the parties merely engaged in the process “according to their

statutory rights.” While one reasonably can glean the motivation of the plaintiff and defendants

in dismissing the underlying litigation and proceeding with arbitration after the trial court

allowed Insurers to intervene and fully participate in discovery, the fact remains that the law

expressly permitted this action. The fact that the parties used the existing statutes and court rules

to redirect their controversy to arbitration does not undermine the integrity of the arbitration

process or necessarily constitute collusive or untoward conduct.

 The majority opinion has correctly held that Insurers were properly denied the right to

intervene in the action brought to confirm the arbitration award for reasons based upon the

express language of Section 537.065 and the judicial opinions construing that statute. Whether it

is unfair to preclude an insurer which has declined coverage and representation of its insured an

opportunity to intervene when the motion to intervene is filed more than thirty days after

notification of the Section 537.065 agreement is a matter of policy left to the legislature.

Whether it is unfair to preclude that same insurer the opportunity to intervene in an arbitration

proceeding is a matter of policy left to the legislature. To be sure, I think it naïve to ignore the

fact that arbitration hearings proceeding under a Section 537.065 agreement are subject to

potential misuse and abuse. The Insurers argue that the arbitration award of $11,196,415.00 for

a part-time employee earning $160 weekly epitomizes such an abuse. The legislature created a

unique and limited statutory right of intervention for insurers under Section 537.065. We review

 5
the alleged unfairness of the application of that right to ensure the constitutional protections of

due process to all parties. We lack authority to address the unfairness of a statute that does not

transcend those constitutional rights. Whether and to what extent that right of intervention

should be extended to arbitration proceedings is a matter of policy to be addressed by the

legislature, and not the courts. But lest we forget, under our system of laws and justice, even Mr.

Potter is guaranteed a fair resolution of the claims brought against him.

 ___________________________________
 Kurt S. Odenwald, Judge

 6
 In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

HAROLD BARNETT, ) No. ED109008
 )
 Respondent, )
 )
vs. )
 ) Appeal from the Circuit Court
COLUMBIA MAINTENANCE ) of the City of St. Louis
COMPANY, et al., )
 )
 Respondents, )
 ) Honorable Christopher McGraugh
AMCO INSURANCE COMPANY )
and )
DEPOSITORS INSURANCE )
COMPANY )
 )
 Appellants. ) Filed: June 29, 2021

 CONCURRING OPINION

 I write to give additional context to the Insurers’ lamentations. First, the procedures

followed here by Barnett and Columbia Maintenance Company were fair, proper, transparent,

and sanctioned by our legislature and well-established case law. The road taken was in large

measure selected by Insurers when Insurers decided to deny coverage to Columbia Maintenance.

Insurers had an absolutely legitimate contractual right to deny coverage if they concluded

following a review of the circumstances of the claim that there was no coverage. But, with that
choice to deny coverage comes certain consequences, including that Insurer lost control over the

defense of the litigation.

 Second, Insurers are by no means left defenseless. In fact, they retain multiple avenues

and forums to protect their interests on the coverage question. Here, Insurers filed in federal

court a declaratory judgment action in which they have sought to prove that they were factually

and legally correct to deny coverage. If they successfully do so, the underlying judgment entered

in this case will become academic and meaningless to them.

 And as to the litigation that resulted in the judgment confirming the arbitrator’s award

here, though their intervention efforts were thwarted, Insurers retain a robust ability to challenge

the judgment in a subsequent garnishment proceeding which Columbia Maintenance and/or

Barnett may bring. Again, if Insurers’ decision to deny coverage to their insured is correct, a

subsequent suit for garnishment and bad faith refusal to settle is meaningless to them.

 Finally, with respect to Insurers’ claim to rights purportedly granted to them by section

537.065.2’s intervention language and by an order in a case that has been dismissed without

prejudice, some perspective is needed. Because dismissal of the underlying lawsuit means that

“it is as if the suit were never brought,” Matter of Gurgel, 543 S.W.3d 135, 139 (Mo. App. S.D.

2018), the majority’s and the first concurring opinion’s parroting of the Insurers’ reliance on an

order from that non-existent case runs contrary to this well-established principle.

 Moreover, neither the legislature nor our own Supreme Court have clarified the

parameters of an insurance company’s participation in litigation when it has intervened under

section 537.065.2. The statute merely gives a right to intervene but does not address the prickly

question of what they get to do once they enter. In his concurrence in State ex rel. Country Mut.

Ins. Co. v. May, 620 S.W.3d 96, 101 (Mo. banc 2021), Judge Wilson identified some
fundamental truths, namely that the law does not allow kibitzers in lawsuits, and a party who has

intervened must comply with Rule 52.12(c) by filing a pleading setting forth the intervening

parties’ claim(s) or defense(s). Otherwise, in the context of this case, what would be the

Insurers’ role in an underlying lawsuit or in the arbitration case because, after denying coverage,

they certainly no longer stand in the shoes of their insured Columbia Maintenance.

 _________________________
 James M. Dowd, Judge